# BUNT v. SIERRA BUTTE GOLD MINING COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 168. Argued and submitted January 28, 1891.—Decided March 2, 1891.

The owners of a mine are not liable to an action for the falling of the roof of a tunnel upon a miner who, knowing that the roof is shattered and dangerous, voluntarily assists in removing a supporting timber, and, before another has been put in its place, sits down to rest at that spot.

THE case is stated in the opinion.

*Mr. S. F. Leib* and *Mr. J. C. Black* for plaintiffs in error submitted on their brief.

*Mr. W. W. Morrow* for defendant in error. *Mr. Thomas B. Bishop* was with him on the brief.

Mr. Justice Gray delivered the opinion of the court.

This was an action brought against a corporation of Great Britain by the widow and daughter of William J. Bunt, citizens of California, to recover damages, under § 377 of the California Civil Code, for his death by the defendant's negligence while a workman in its mine. The answer alleged, among other things, that his death was caused by his own negligence, and not by any negligence on the part of the defendant.

At the trial, the only witnesses called by the plaintiffs (except in proof of their relationship to the deceased, and of his death) were the superintendent of the mine and a fellow workman of the deceased, whose testimony tended to prove the following facts: While Bunt and three others, all four experienced miners, were in a tunnel in the rock of the defendant's mine, thirty-five hundred feet from its mouth, the superintendent came in, and discovered, by looking at the roof of the tunnel, and by sounding it with a pick, that it had been shattered by blasting further in; and told the men to prop it up with timbers from that point to the end. There was already a post of timber at that point, which had been put there only to hold the "spiling" or pieces of wood extending along the sides of the tunnel to keep back the "gouge or selvage of the vein clay and slimy stuff." The superintendent told the men that they had better put a post by the side of this one; but, on one of the men suggesting that this should be taken out and another put in its place, left it optional with them to do so or not, saying, "If you think proper you can take out that post, but be careful of the roof, don't let it fall down on you, and be careful of the spiling." Bunt and the other workmen decided that it would be safe to take out the post, and did so, intending to go outside to get other timber. After the

removal of the post, Bunt sat down to rest under the shattered roof, and part of the rock fell upon and mortally injured him.

At the close of the plaintiffs' evidence, the defendant moved the court to direct a verdict for the defendant, because the evidence would not warrant a verdict for the plaintiffs. The Circuit Court granted the motion; and the plaintiffs excepted to the direction, and sued out this writ of error.

The reasons stated in the opinion of the court below, reported in 11 Sawyer, 178, are conclusive. Bunt participated in taking out the post, with full knowledge of the danger, and, after the post had been removed, and before another had been put in its place, sat down under the shattered roof. Recklessness could hardly go farther. The evidence would warrant no other conclusion than that he took the risks of the work in which he was employed, and that his negligence in the course of that work was the direct cause of his death. The court therefore rightly directed a verdict for the defendant. *Randall* v. *Baltimore & Ohio Railroad,* 109 U. S. 478; *Schofield* v. *Chicago, Milwaukee & St. Paul Railway,* 114 U. S. 615; *Gunther* v. *Liverpool &c. Ins. Co.,* 134 U. S. 110.

The suggestion that, because the only witnesses of the accident, and whom the plaintiffs were therefore compelled to call, were in the defendant's employ and might be prejudiced in its favor, the question how far they were so biased should have been submitted to the jury, is of no weight. Theirs being the only testimony on the point, disbelief of their testimony could not supply a want of proof.

*Judgment affirmed.*