## DAVIS v. TRADE DOLLAR CONSOL. MIN. CO.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1902.)

### No. 763.

**1. MASTER AND SERVANT—INJURY OF SERVANT—FELLOW SERVANTS.**

The foreman of one shift of men alternating with others in working in a mine is a fellow servant with the members of the other shifts, and the master is not liable for an injury to one of the men caused by the negligence of the foreman of the preceding shift.

**2. SAME—NEGLIGENCE OF FELLOW SERVANT.**

Three shifts of men were engaged in driving a tunnel in a mine, working alternately. One shift would drill a number of holes in the face of the tunnel, charge them with blasting powder, and explode them, and then retire, to be succeeded by another shift. It was the custom for the outgoing shift to note the number of explosions, and inform the suc-· ceeding shift how many, if any, of the blasts remained unexploded. The foreman of one retiring shift stated to the incoming shift that two blasts had not been heard to explode,—one at the top, and the other at the bottom, of the tunnel. Their location, however, could not be certainly known without an examination, and this was made by plaintiff, who was one of the second shift. He located one at the top, and supposed the other to be at the bottom, where it was covered by the fallen rock. It was in fact in the breast of the tunnel, and on further drilling it was exploded, and plaintiff was injured. *Held*, that the injury was not chargeable to the negligence of the foreman of the outgoing shift in failing to correctly locate the unexploded blasts, which plaintiff, as an experienced miner, must have known could not be done with certainty merely from the sound of the explosions.

**3. SAME—UNSAFE PLACE TO WORK—ASSUMED RISKS.**

A master is not required to furnish the servant with a safe place to work as against a danger which is temporary, and arises from the hazard and the progress of the work itself, and is known to the servant, who in such case assumes the risk therefrom.

In Error to the Circuit Court of the United States for the District of Idaho.

The plaintiff in error was an experienced miner, engaged in the work of driving a tunnel in the mine of the defendant in error. The work was being continuously conducted by three shifts of men, working eight hours each. In each shift there were seven men, one of whom was the foreman or shift boss. Each shift operated two Burleigh drills, and bored from nine to seventeen holes in the face of the tunnel, which were charged with blasting powder and exploded, after which the shift retired to give place to the succeeding. shift. At times some of the blasts failed to explode. It was the custom of the men of the retiring shift to note the number of explosions, and inform the incoming shift how many, if any, of the blasts remained unexploded. On May 26, 1900, at 7 o'clock in the morning, the plaintiff in error, with his shift, went into the tunnel to work. The foreman of the shift that had just gone off informed the incoming shift that there were two shots the reports of which had not been heard,—a back hole and a lifter. A back hole is a hole in the top of the tunnel, going in straight, and a lifter is one that goes in down on the ground at the bottom of the tunnel. After so being informed,

---

¶ 1. Who are fellow servants, see notes to Railroad Co. v. Smith, 8 C. C. A. 668; Railway Co. v. Johnston, 9 C. C. A. 596; Flippin v. Kimball, 31 C. C. A. 286.

¶ 3. Assumption of risks incident to employment, see note to Railroad Co. v. Hennessey, 38 C. C. A. 314.

See Master and Servant, vol. 34, Cent. Dig. §§ 583, 584.

the plaintiff in error went into the tunnel, and examined the face of it, and found one unexploded back hole on the left-hand side of the tunnel, and on the right-hand side, at the bottom of the tunnel, he saw a pile of muck or débris, behind which he supposed was the unexploded hole in the bottom. The fact was that the second unexploded hole was in the breast of the tunnel. The fact that it was unexploded was not discernible upon a casual examination, for the reason that the other blasts had broken off a portion of the rock into which it was sunk. This happened occasionally, and that it might occur at any discharge of the blasts was a contingency to be reckoned with. The shift to which the plaintiff belonged began working with their two drills. While they were so working, one of the drills bored into or near the unexploded blast, and caused it to explode, killing two of the men outright, and very seriously wounding the plaintiff in error. For the injuries so sustained the plaintiff in error brought this action against the defendant in error, alleging in his complaint, in substance, that it was the duty of the defendant in error to keep the plaintiff in error informed as to whether all the holes drilled and loaded by the previous shift had been exploded; that, by the exercise of ordinary care and prudence, it might have known that some of the holes fired by the preceding shift had failed to explode; that the plaintiff in error was injured by reason of the negligence of the defendant in error in failing so to inform him. Upon the trial of the case, after the plaintiff in error had rested his case, the court instructed the jury to return a verdict for the defendant in error, on the ground that, if the plaintiff in error was injured by the negligence of the foreman of the preceding shift, it was the negligence of a fellow servant. This ruling of the court the plaintiff in error makes the subject of his principal assignment of error.

James H. Hawley and Wm. H. Puckett, for plaintiff in error.

Richard Z. Johnson, Richard H. Johnson, and John F. Nugent, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

We think the ruling of the trial court was clearly correct. Not only was the foreman of the shift of men who retired from the tunnel just before the shift to which the plaintiff in error belonged went in to work a fellow servant with all the members of that shift, within the doctrine of Mining Co. v. Whelan, 168 U. S. 86, 18 Sup. Ct. 40, 42 L. Ed. 390, and Railroad Co. v. Conroy, 175 U. S. 323, 20 Sup. Ct. 85, 44 L. Ed. 181, but we think the evidence upon which the plaintiff in error rested his case falls short of showing that the foreman of the preceding shift was negligent. The complaint does not charge that the plaintiff in error was misinformed as to the location of the unexploded shots, but that he was not informed as to the number thereof. He did not allege, nor did he offer to prove, that there were more than two blasts remaining unexploded when he went in to work upon the tunnel. In fact it was conceded that there were but two. The mistake which the foreman of the retiring shift made was in supposing that the second of the unexploded blasts was at the bottom of the tunnel, instead of at the breast thereof. It is evident from the testimony, however,—and the plaintiff in error must have so understood it,—that the foreman located the position of the unexploded blasts solely by the sound of the explosions; a method which was uncertain, as the plaintiff in error must have known. The rules of ordinary prudence required the plaintiff in error to require some

member of his shift before beginning to drill to make examination of the face of the tunnel, and discover the location of the unexploded blasts, and the evidence shows that the plaintiff in error himself made the examination. The foreman of the retiring shift did not pretend to say that he had made such examination. He stated to the incoming shift what he had heard, not what he had seen. It is reasonable to say that the information he imparted was for the purpose of directing the attention of the incoming shift, first, to the number of unexploded blasts, and, second, to the places where he thought they would be found. The plaintiff in error, while making his examination, did not take the trouble to remove the débris at the bottom of the tunnel, which débris he erroneously supposed concealed an unexploded hole. If he had done so, he would have found that the hole had exploded with the others, and his attention would thereby have been sharply directed to the fact that there yet remained an unfired shot, which must be located before beginning his work.

Error is assigned to the ruling of the court in refusing to permit a witness to testify what, in his judgment as a miner, was the proper course to adopt in tunnels to protect the men at work against the danger of explosion of missed holes, and in excluding testimony as to the custom and habit in tunnels in that regard. There was no issue made in the pleadings to which the evidence so offered was pertinent. In the complaint it was sought to charge the defendant in error with liability for the injury which the plaintiff in error sustained by averring that the defendant in error could, by the exercise of ordinary care and prudence, have ascertained whether all the holes had exploded, and that it did in fact know that two of the holes had failed to explode, which fact the plaintiff in error had no means of knowing, and that the defendant in error was negligent in failing to give him information thereof. The evidence of the plaintiff in error contradicts some of these averments. It shows that the defendant in error did not know that some of the holes had not exploded, unless, indeed, such knowledge was imputable to it from the knowledge which the foreman of the preceding shift had; and, if it be assumed that his knowledge was the knowledge of the company, then it is not true that the plaintiff in error did not have all the knowledge upon the subject which the defendant in error possessed, for he was informed that two of the holes had not exploded. It is true that the law of master and servant requires that the former furnish the latter a safe place in which to work, but the master is not required to furnish the servant a safe place in which to work where the danger is temporary, and when it arises from the hazard and the progress of the work itself, and is known to the servant. The master is not required to be present at the working place at all times, in person or by a representative, to protect a laborer from the negligence of his fellow workmen or from his own negligence in the constantly changing conditions of the work. The plaintiff in error, while working in the tunnel, had full knowledge of the danger from unexploded blasts, and of all the means which were being employed to protect him therefrom. He assumed the risk of any defect, if defect there were, in the means used to detect the danger. The danger from a missed blast

was a danger incident to the work. City of Minneapolis v. Lundin, 7 C. C. A. 344, 58 Fed. 525, 19 U. S. App. 245; Brown v. King, 40 C. C. A. 545, 100 Fed. 561; Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. 433, 28 L. Ed. 440; Bunt v. Mining Co., 138 U. S. 483, 11 Sup. Ct. 464, 34 L. Ed. 1031.

We find no error in the rulings of the circuit court. The judgment is affirmed.