[No. 4507. Decided September 9, 1903.]

ALEX. D. McMILLAN, *Respondent,* v. NORTH STAR MIN-
ING COMPANY, *Appellant.*

MASTER AND SERVANT — NEGLIGENCE OF MASTER — ASSUMPTION OF
RISK.

A miner injured by the explosion of a missed blast, left in a
mine by contractors who had done work there for defendant
prior to such miner's employment, cannot be held to have
assumed such danger as a risk of his employment, where he had
no knowledge of such unexploded blast either through informa-
tion from others or by personal inspection.

SAME — SAFE PLACE TO WORK — UNEXPLODED BLASTS — DUTY OF
MASTER.

It is the duty of a mining company, although it has let a con-
tract for tunneling, to keep itself advised as to the possibility of
missed blasts, so as to be in a position to warn employees subse-
quently placed at work in the tunnel after the cessation of the
contract work.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge. Affirmed.

*Frank T. Post,* for appellant.

*Del Cary Smith* and *A. J. Laughon,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Respondent brought this suit against the
appellant to recover damages for injuries received while
he was working in appellant's mine. A tunnel had already
been driven for a distance of more than two hundred feet
by others who had worked under a contract with appellant,
but who had quit the work. Respondent and another were
employed by appellant to continue work in this tunnel.
The employment was made by appellant's foreman, who
directed where the work should be done. The tunnel had

the appearance of having been well cleaned up by the former workmen, and the foreman did not warn the respondent or his fellow workman of any hidden danger. Neither respondent nor his associate had ever before worked in the tunnel, and neither had any knowledge of any concealed danger. Respondent was directed to work at the face of the tunnel, and his companion was ordered to work upon the "drift", a short distance from respondent. They began work in the afternoon, and continued until the morning of the second day following. Meanwhile respondent had exploded several blasts at the face of the tunnel, and on the morning above mentioned was engaged in "mucking out". A loose plank floor had been laid upon the bottom of the tunnel, near the face, in order that the broken material might be more easily shoveled. The face having been moved forward somewhat by the work of respondent, he was about preparing to move this floor nearer to the face. While engaged in cleaning and smoothing the bottom of the tunnel between the ends of the planks and the face, he was using his pick, and when he struck a place near the ends of the planks an explosion occurred, which resulted in the destruction of one of his eyes and in permanent injury to his hearing. He alleged in his complaint that the former contractors who had worked in the tunnel for the appellant had used certain explosives for blasting purposes, and that one of the charges had been so placed that it failed to discharge, and was left by them in an unsafe and dangerous condition; that he had neither knowledge nor means of obtaining knowledge of such dangerous condition, and while engaged as aforesaid he struck said unexploded blast, which caused said explosion. He further alleges that his injuries were caused by the negligence of appellant in failing to pro-

vide a safe place for him to work, and that, if appellant had used ordinary care in inspecting the tunnel before ordering him to work therein, the unexploded charge would have been discovered, but that it wholly neglected to examine the tunnel after the explosion of blasts to ascertain if all blasts had been exploded, and to see if the tunnel was in safe condition for respondent and others employed to work therein, and also failed to warn respondent of such dangerous condition. The answer denies many of the material allegations of the complaint, and alleges that after the said contractors ceased to work in the mine, and before respondent began to work therein, the appellant, through its superintendent, a skilled and competent miner, thoroughly examined and inspected the mine, and found no missing or unexploded blasts; that said inspector did not report any missing blasts or any other danger to appellant, and that it did all that was reasonably required of it to be done to ascertain the condition of the tunnel before respondent began to work therein; that whatever risks or dangers there were from unexploded blasts were incidents of respondent's employment, and were assumed by him; that respondent knew when he went to work in the tunnel that the work just previously done therein had been done by said contractors, and he had the same opportunity for knowing of the risks and dangers that appellant had. A trial was had before a jury, and at the conclusion of respondent's testimony the appellant challenged the sufficiency thereof, and moved the court to instruct the jury to return a verdict for appellant. The motion was denied, and appellant thereupon rested without introducing any testimony. The cause was then submitted to the jury under instructions from the court, and a verdict for respondent was returned in the sum of $3,380. Ap-

pellant moved for a new trial, which was denied, and judgment was entered for the amount of the verdict. This appeal is from that judgment.

It is assigned that the court erred in not granting the motion to return a verdict for the defendant. It is admitted by the appellant that the master must use reasonable care to provide his servant with a reasonably safe place to work, under all the circumstances of the particular case. It is urged, however, that, under the circumstances of this case, if respondent was not required to be his own inspector, and did not assume the risk, then it was the duty of the appellant to carefully inspect the tunnel, but that respondent must establish by evidence two things: First, that the appellant did not carefully inspect; and, second, that if such inspection had been made the missing blast would have been discovered. Respondent was asked the following question: "Was there anything, Mr. McMillan, when you went to work by which you could tell or ascertain if there were any missed holes or unexploded blasts in the tunnel, or any part of it?" To which he answered "No." From the fact that respondent was an experienced miner, and says, in effect, that nothing appeared by which he could have discovered the danger, appellant reasons that its own superintendent, also an experienced miner, could not have made the discovery. There was no direct evidence that an examination was not in fact made by appellant's superintendent, and it is insisted that the burden was upon the respondent to show that no inspection was made. It is contended that, as the evidence stood, it must be presumed that an inspection was made; that, under respondent's own testimony, such inspection could not have revealed the hidden danger, and that appellant has, therefore, neglected no duty in the premises, since it is not claimed that it had actual

knowledge of the danger. It seems to us that a broader view must be taken of appellant's duty toward its employees. It had previously let a contract to certain persons to do specified work in its mine. While it may have contented itself with the belief that it did not need to be represented by a superintendent while that work was being done according to the contract specifications, yet, considering the hazardous nature of the mining occupation, and the well-known possibility of missing blasts, we think it was the duty of appellant to keep itself advised in that particular as the work progressed. If a trusted representative, stationed at the mine for that purpose, had kept watch of the location of the different charges, and of the conditions following the various explosions, it is not improbable that the missing blasts would have been discovered at the time, and the hidden danger avoided. Such a course would at least have lessened the probability of carelessness and of reckless oversight on the part of the contractors, and might have led to actual knowledge on appellant's part of the missing blast which seems to have caused respondent's injury. If appellant chose for the time being to turn over the work in its mine to others, knowing, as it must have known, that such hidden dangers, by oversight and lack of skillfulness, might be left by them to be encountered by other employees who should follow them, we think it should not be heard to say that it is in no way responsible for the conditions. Such persons must be held to have stood in the place of the appellant itself, since to them had been delegated the authority to conduct the operations in the mine for the time being. In *Shannon v. Consolidated, etc., Mining Co.*, 24 Wash. 119 (64 Pac. 169), this court held that the danger from an unexploded blast is not such as is necessarily incident to the employment, the risk of

which must be assumed by the miner. In some cases, it is true, the miner must assume the risk—as, for instance, when the missing charge is left by himself or with his knowledge, and when he may have been warned by others that unexploded charges remain in the vicinity of his work. A reasonable degree of observation and care is, of course, required upon the part of the miner, to the end that he shall not negligently contribute to his own injury, but, when he has no knowledge of the presence of a hidden danger placed by others, he should not be required to assume the risk thereof, without regard to the necessary care upon his own part. Dangers arising from a missing blast cannot be classified with dangers which are incidental to nature's hidden forces, and which cannot be known or foreseen by human prescience. The risk of such a miner must often assume, from the nature of his occupation, and for the reason that no degree of care on the part of the master can in some instances provide against the danger. But the conditions here are quite similar to those in *Shannon v. Consolidated etc., Mining Co., supra.* There the workmen were divided into shifts working at different times, each shift taking its turn. By rule established by custom in the mine, it was the duty of the boss of the off-going shift to notify the on-coming shift of any missed blasts. It was contended that that duty was neglected by the boss of the off-going shift, which left the work just before the on-coming of the shift which was at work when the accident occurred. It was held that the duty to notify the on-coming shift of the missed blast was a positive duty of the master, and that such duty having been delegated to the boss of the former shift his neglect to notify the next one was the neglect of the master. So in the case at bar the contractors who

had previously conducted operations in the mine sustained toward appellant and the workmen who succeeded them the relation of a former shift. Having no other delegated representative for that purpose, appellant had, in law, delegated to them the duty to notify others of the location of missed blasts. It was therefore their duty, when they left the work, either to notify appellant or the workmen who succeeded them. As appellant's delegated representatives, their failure to notify it cannot be urged as an excuse for lack of knowledge on its part. Appellant cites *Davis v. Trade Dollar Consolidated Mining Co.,* 117 Fed. 122 (54 C. C. A. 636), as supporting the contention that the danger from a missed blast is one incident to the work. It was held that the danger in that case was such, but it will be observed that the plaintiff there had been informed of the missed blasts before he began work, and the doctrine applied in that case is in harmony with what we have said above. We therefore think sufficient evidence had appeared, bearing upon the question of appellant's negligence, to call for the submission of the case to the jury, and that the motion for a directed verdict in appellant's favor was properly denied.

Appellant rests its chief contention upon the questions involved in the foregoing discussion. Errors are assigned upon certain instructions of the court, and upon the refusal to give others requested by the appellant. We believe, however, that the charge of the court, taken as a whole, fairly covers the law of the case relating to appellant's rights in the premises, and we believe that no prejudicial error is shown in the record. The judgment is therefore affirmed.

FULLERTON, C. J. and MOUNT and DUNBAR, JJ., concur.