## PEOPLE v. MATTHEWS

1. CRIMINAL LAW — ADMISSIBILITY — EVIDENCE — SELF-INCRIMINATING STATEMENTS.

Trial court's denial of defendant's motion to suppress self-incriminating statements made to police officers after his arrest is sustained on appeal where the Court of Appeals determines on its own independent examination of the record that the trial judge did not err in concluding that defendant was in fact advised of his rights and that his statements to the officers were voluntary.

2. CRIMINAL LAW—EVIDENCE—REFERENCE TO OTHER OFFENSES—ADMISSIBILITY.

Statements concerning previous crimes, similar to the offense charged, are not ordinarily admissible to prove commission of the charged offense because admission of such statements would improperly lead the trier of fact to conclude that the accused has a disposition for conduct similar to the charged offense and to infer guilt of the offense charged because of previous participation in similar crimes.

3. CRIMINAL LAW—EVIDENCE—REFERENCE TO OTHER OFFENSES—ADMISSIBILITY.

Statements relevant to previous similar offenses are admissible to prove motive, intent, absence of mistake or accident, scheme, plan, or system in doing an act (MCLA § 768.27).

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 349 *et seq.*
Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.
[2–6] 29 Am Jur 2d, Evidence § 320 *et seq.*
[7] 53 Am Jur, Trial § 575 *et seq.*
[8] 58 Am Jur, Witnesses § 862.

4. HOMICIDE—EVIDENCE—ADMISSIBILITY—REFERENCE TO OTHER OF-
FENSES—MANSLAUGHTER—SELF-DEFENSE.

Statements relevant to previous similar offenses of knife fight-
ing are inadmissible in a prosecution for manslaughter when
the defendant claims he acted in self-defense, because they are
irrelevant where defendant does not deny that he killed a
person (CL 1948, § 750.321).

5. HOMICIDE—MANSLAUGHTER—EVIDENCE—REFERENCE TO OTHER OF-
FENSES—STATEMENTS BY DEFENDANT—ADMISSIBILITY.

Statements relevant to previous knife fights are irrelevant and
inadmissible despite the fact that they were initially elicited
from the defendant himself, where defendant's only defense
to a prosecution for manslaughter is the claim that he acted
in self-defense (CL 1948, § 750.321).

6. HOMICIDE—MANSLAUGHTER—EVIDENCE—REFERENCE TO OTHER OF-
FENSES—IMPROPER ADMISSION—EFFECT ON VERDICT—APPEAL AND
ERROR.

The Court of Appeals has no way of knowing what weight the
jury accorded to evidence of previous knife fights in finding
the defendant guilty of manslaughter; if the Court cannot
say that the evidence of previous knife fights might not be
weighed by the jury against the defendant in reaching a verdict
of guilty it must be concluded that the error in admitting such
evidence was prejudicial and not harmless (CL 1948, § 750-
.321).

7. HOMICIDE—MANSLAUGHTER—INSTRUCTIONS—ISSUE NOT IN EVI-
DENCE—APPEAL AND ERROR.

Trial court's instruction that the jury must find that the de-
fendant was not the aggressor in a prosecution for manslaugh-
ter resulting from knife fight when there was no evidence
that defendant was the aggressor was erroneous because it
injected an issue which was not supported by the evidence
(CL 1948, § 750.321).

8. EVIDENCE—CREDIBILITY OF WITNESS—CONCLUSION BY JURY.

The jury must arrive at a verdict based on the evidence present-
ed; mere disbelief of a witness' testimony does not justify
a conclusion that the opposite is true in the absence of other
evidence supporting that conclusion.

Appeal from Kent, John H. Vander Wal, J. Sub-
mitted Division 3 January 7, 1969, at Grand Rapids.
(Docket No. 4,239.) Decided April 22, 1969.

Jesse James Matthews was convicted of manslaughter. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Robert J. Stephan* and *Jack L. Winter,* Assistant Prosecuting Attorneys, for the people.

*William J. Heyns,* for defendant on appeal.

BEFORE: LEVIN, P. J., and HOLBROOK and DANHOF, JJ.

PER CURIAM. The defendant, Jesse James Matthews, appeals from a jury verdict of manslaughter. MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).[1] The victim, James Frizzell, was stabbed by Matthews during a knife fight. At the trail Matthews claimed he acted in self-defense.

Before trial the defendant moved to suppress statements he made to the police on the night of his arrest and the following morning. He claimed that the police failed to warn him of his constitutional rights in accordance with the requirements enunciated in *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974). Additionally, he asserted that because of his physical condition the statements he made were involuntary.

---

[1] The complaint accused the defendant of "murder-open charge". CL 1948, §§ 750.316–750.318 (Stat Ann 1954 Rev §§ 28.548–28.550). At the conclusion of the preliminary examination he was bound over on a charge of second-degree murder. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). The prosecutor therefter filed an amended information adding the charge of manslaughter as a second count. At the arraignment on the amended information, the defendant stood mute and a plea of not guilty was entered by the court. On the prosecutor's motion the first count of second-degree murder was dismissed before the trial.

Four witnesses, including the defendant, testified at the hearing on the defendant's suppression motion, at the conclusion of which the trial court denied the motion. We have made an independent examination of the record (see *People* v. *Pallister* [1968], 14 Mich App 139) and find no error in the trial court's conclusions that the *Miranda* warnings were in fact given by the police and that the defendant's statements to the police were voluntary.[2]

The defendant's second assignment of error concerns certain testimony introduced at the time of trial. Referring to prior knife fights in which he had participated, the defendant remarked to the police: "No, Jimmy ain't dead. Look at me. I have been cut all over before and I'm not dead." (Defense counsel, anticipating that the statement would be offered during the trial, objected out of the presence of the jury to its use. The trial judge held the statement admissible.

The statement was elicited from police witnesses 3 different times during the course of the trial—all before the time the defendant took the stand. When the defendant testified, he attempted to explain his scars and participation in prior knife fights in an effort to neutralize this history of fighting with knives.

The introduction of the objected-to statement was erroneous. Evidence that tends to show that the accused person has committed other acts or crimes or has a disposition toward conduct similar to the of-

---

[2] Although the introduction of an involuntary confession may never be treated as harmless error (*Payne* v. *Arkansas* [1958], 356 US 560, 568 [78 S Ct 844, 2 L Ed 2d 975, 981]; *Lynumn* v. *Illinois* [1963], 372 US 528, 537 [83 S Ct 917, 9 L Ed 2d 922], we note that in this case the defendant's statements to the police did not differ from his testimony at the time of trial. The defendant's statements to the police concerned his account of the affray. He asserted that it was initiated by Frizzell and that he stabbed Frizzell in self-defense. The statements to the police did not contradict the defendant's claim that he acted in self-defense.

fense charged is ordinarily inadmissible to prove the commission of the charged offense. This rule of law guards against convicting an accused person because he is a bad man. Barring such evidence prevents the trier of fact from inferring that the accused person is guilty of the charged offense because he has committed other similar acts or crimes.

The limited exception allowing such evidence to prove motive, intent, absence of mistake or accident, scheme, plan, or system in doing an act provided in MCLA § 768.27 (Stat Ann 1954 Rev § 28.1050) has been held by our Supreme Court to be inapplicable in a case such as this where the charge is manslaughter and the defendant claims he acted in self-defense. *People* v. *Wright*, (1942), 294 Mich 20.[3] In *Wright* the defendant shot the victim with a gun. The Supreme Court held evidence that the defendant had previously improperly used his gun inadmissible, and stated that evidence of past fights or altercations exceeded the bounds of the evidence admissible under the exception set out in the statute to which we have just referred.

The evidence of defendant's prior knife fights was legally irrelevant. Accordingly, the fact that the evidence was initially elicited from the defendant himself would not affect this irrelevancy or make the

_____

[3] See, also, *Brownell* v. *People* (1878), 38 Mich 732, 736. In that case the defendant was convicted of second-degree murder. The defendant claimed he acted in self-defense. The Supreme Court ruled:

"It was entirely inadmissible, in answer to general good reputation of the prisoner, to receive evidence of an alleged act of violence against another person than Bailey [the victim] at a former time and different place. The prisoner could not be prepared to meet any such testimony or explain it, and its introduction might seriously prejudice the jury."

Although *Brownell* was decided before the enactment of the statute cited in the accompanying text (PA 1927, No 175, ch 8, § 27), since that statute is based upon common-law precedent (see *e.g.*, *People* v. *Seaman* (1895), 107 Mich 348, 357), common-law precedent preceding its enactment may be considered in construing and applying the statute.

statement for that reason admissible. *People* v. *Lundberg* (1964), 364 Mich 596, 603.

Defendant's statement about previous knife fights was admitted into evidence before he took the stand. During testimony by police officers, the statement was mentioned on three separate occasions. The defendant was asked to explain the statement when he subsequently took the stand. We have no way of knowing what evidence convinced the jury of the defendant's guilt. We cannot say that the evidence of prior fights might not have been weighed by the jury against the defendant in reaching the guilty verdict and, therefore, conclude that the error was prejudicial and not harmless.

Since the case must be retried, we address ourselves to the defendant's third assignment of error. The trial judge's lengthy instruction on self-defense emphasized and re-emphasized that the jury must find that the defendant was not the aggressor in order to acquit him because of self-defense.[4] There was, however, no evidence whatsoever that the defendant was the aggressor.

The only eyewitness who testified, other than the defendant, stated that he did not see the beginning of the fight or the stabbing. He left the scene to get help before Frizzell was stabbed. The only evidence on the initiation of the affray was that given by the defendant himself. He testified that Frizzell was the aggressor. There was no basis for injecting the issue whether the defendant was the aggressor.[5]

---

[4] We intimate no opinion regarding the propriety of instructing the jury that an initial aggressor is not justified in protecting himself against the use of deadly force by the person whom he originally assailed. Generally, see 40 Am Jur 2d, Homicide, §§ 145, 150, pp 434, 438, 439; 1 Wharton's Criminal Law & Procedure, § 228, pp 499–501; and 1 Warren on Homicide, § 151, p 690.

[5] The mere disbelief of a witness' testimony cannot serve to fill an evidentiary gap in the case; it will not justify a conclusion that the opposite of the witness' testimony is true in the absence of any

That a charge which injects an issue unsupported by the evidence is erroneous is well supported by the authorities. *Brownell* v. *People* (1878), 38 Mich 732; *People* v. *Goodrode* (1903), 132 Mich 542, 548; *Mulcahy* v. *Argo Steel Construction Company* (1966), 4 Mich App 116, 128, 129; *Baker* v. *Alt* (1965), 374 Mich 492, 497. Generally, see 53 Am Jur, Trial, §§ 573–575, p 451ff.

In *Brownell* v. *People, supra,* the defendant was convicted of second-degree murder. The Michigan Supreme Court noted that the trial judge's charge in that case resembled charges given by other trial courts quoted in earlier Michigan reports but held that the evidence in that case did not support an instruction on the charged offense of murder (pp 736, 737):

"It seems to us that there is evidence in the record showing that in some respects charges which may have been correct abstract legal propositions, had some tendency to mislead the jury in considering the quality of the offense, because not warranted by the testimony.

"The circumstances of the attack, as shown by the prosecution, show that Bailey [the victim] was the aggressor, and had no possible excuse for it. There was nothing to warrant any discussion of murder unless upon a theory which the court permitted to be considered by the jury that Brownell had armed himself intending to kill Bailey on the first pretext or assault and took advantage of an attack that he might do so. There was no testimony which could

---

independent evidence affirmatively supporting that conclusion. *Nishikawa* v. *Dulles* (1958), 356 US 127, 129 (78 S Ct 612, 2 L Ed 2d 659, 665); *Moore* v. *Chesapeake & O. R. Co.* (1951), 340 US 573, 576 (71 S Ct 428, 95 L Ed 547); *Bunt* v. *Sierra Butte Gold Mining Co.* (1891), 138 US 483 (11 S Ct 464, 34 L Ed 2d 1031); *Brownell* v. *People, supra,* p 737. Accordingly, the jury's disbelief of the defendant's testimony that Frizzell was the aggressor, there being no independent evidence that the defendant was the aggressor, will not support a finding that the defendant was the aggressor.

be regarded as legally bearing in that direction, and it is not allowable for a jury to convict a man upon imagination. There must be proof which is enough to remove their doubts, and they cannot be permitted to eke it out by fancy. The charge which allowed them to act upon such a notion in determining between murder and other grades of homicide, or to act on it at all, was erroneous."

Also pertinent is the *Brownell* Court's criticism of the portion of the charge respecting the provocation which would excuse the homicide because of the inclusion of (p 737) "remarks upon cooling time which had nothing to do with the case on trial."

Likewise, in this case it was error to have injected the question whether the defendant was the aggressor, there being no evidence that he was the aggressor. As the *Brownell* Court said (p 737):

"It is not allowable for a jury to convict a man upon imagination. There must be proof which is enough to remove their doubts, and they cannot be permitted to eke it out by fancy."

We think this case is distinguishable from *People v. Cellura* (1939), 288 Mich 54, 68. In *Cellura* the Court found that there was sufficient evidence from which the jury could conclude that the defendant was the aggressor. Cellura lived in the underworld. He testified that he had been told that two armed men driving a car with an Illinois license plate were looking for him and were going to take him "for a ride." Nevertheless, according to the defendant's own testimony, when three men in such an automobile called to him, he approached the automobile with his hand in his pocket on a gun that he was carrying. He asserted that he shot two of them dead when they reached for their pockets where they were carrying guns. Although there was testimony in addition to that of the defendant that the victims had guns, the

police found no weapons belonging to the slain men.

In contrast, in this case, the eyewitness saw both Matthews and Frizzell fighting with knives. Matthews testified that he was attacked by Frizzell who had a chair in one hand and a knife in the other and he defended himself as best he could. He asserted that he backed down the hall of the rooming house where he and Frizzell had adjoining rooms with Frizzell in pursuit and that as he passed the doorway of his own bedroom he reached in and grabbed a knife which was lying on top of the dresser beside the doorway.

Reversed and remanded for a new trial.