KOHN *v.* MANDELL

1. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO DISPOSE OF ALL
   CLAIMS—APPEAL AND ERROR—COURT RULE.

   An appeal may be taken as of right from a ruling of the trial
   court granting a motion for summary judgment to one of
   two defendants in an automobile negligence case even though
   the judgment disposes of less than all the claims against all
   the parties where the trial judge in his ruling expressly states
   that there is no just reason for delay and expressly directs
   the entry of judgment (GCR 1963, 518.2).

2. JUDGMENT—SUMMARY JUDGMENT—WITNESSES—CREDIBILITY.

   A question which turns on the credibility of witnesses may not
   be resolved on a motion for summary judgment.

3. AUTOMOBILES—NEGLIGENCE—EMPLOYER—SCOPE OF EMPLOYMENT—
   SUMMARY JUDGMENT.

   Summary judgment for the employer of an allegedly negligent
   motorist in an action brought against it to recover for dam-
   ages resulting from an accident in which its employee was
   involved was proper where there was no evidence that the
   motorist was within the scope of his employment at the time
   of the accident.

4. AUTOMOBILES — NEGLIGENCE — EMPLOYER — LIABILITY — SUM-
   MARY JUDGMENT.

   The employer of a negligent motorist is not precluded from de-
   fending an action against it for the negligence of its employee
   on the ground that the employee was not acting within the scope
   of his employment at the time of the accident by the fact
   that the pretrial summary did not contain a statement that

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 104.
[2] 41 Am Jur, Pleading § 342.
[3, 4] 8 Am Jur 2d, Automobiles and Highway Traffic § 615 *et seq.*

the employer intended to defend on that ground as long as neither its answer nor the pretrial summary admitted plaintiff's allegations that the employee was acting within the course of his employment at the time of the accident; the summary judgment may be viewed as constituting a modification of the pretrial summary (GCR 1963, 11j; 301.3).

Appeal from Wayne, Benjamin D. Burdick, J. Submitted Division 1 May 14, 1969, at Detroit. (Docket No. 5,379.) Decided June 23, 1969.

Complaint by Harry W. Kohn against Stephen R. Mandell and Continental Assurance Company, a foreign corporation, for damages resulting from an automobile collision. Defendant Continental Assurance Company's motion for summary judgment granted. Plaintiff appeals. Affirmed.

*John R. Wilder,* for plaintiff.

*Rouse, Selby, Webber, Dickinson & Shaw (Herbert J. Rusing,* of counsel), for defendant.

BEFORE: Fitzgerald, P. J., and Levin and T. M. Burns, JJ.

Per Curiam. The plaintiff Harry W. Kohn commenced this action to recover for damages sustained in an automobile collision between an automobile operated by the plaintiff and one operated by the defendant Stephen R. Mandell. Plaintiff joined as a codefendant the Continental Assurance Company, claimed by the plaintiff to be Mandell's employer.

The trial judge granted Continental's motion for summary judgment on the ground that there was no genuine issue as to any material fact. GCR 1963,

117.2(3).* Continental relied on Mandell's deposition testimony that he was not engaged in any business activity for Continental. Mandell testified that he was an insurance agent employed by a general agent of Continental. On the day of the accident he left his office for the day at 2 p.m. and stopped on personal errands at Becker Brothers Printing Company and at an electric supply company before the accident occurred. He had not planned on conducting any additional business until after he reached home. The deposition of another witness showed that a number of years before the accident Mandell had written a group insurance policy for Becker Printing Employees with Continental. However, there was nothing by way of affidavit or deposition contradicting Mandell's sworn testimony that his visit to Becker Printing on the day of the accident was to inquire about printing for his Masonic lodge and was in no way connected with the writing of insurance.

While it is true that a question which turns on the credibility of witnesses may not be resolved on a motion for summary judgment (*American Parts Co., Inc.* v. *American Arbitration Association* [1967], 8 Mich App 156, 170), mere disbelief of Mandell would not justify a conclusion that the opposite of what he testified to was the fact. *People* v. *Matthews* (1969), 17 Mich App 48, footnote 5, and cases therein cited.

There being no evidence upon affidavit or deposition whatsoever that Mandell was within the scope of his employment at the time of the accident the plaintiff failed to frame a genuine issue as to scope of employment in response to Continental's motion

---

* The judgment entered by the trial judge contained the recital required by GCR 1963, 518.2 and, thus, this appeal was properly taken as of right although the judgment disposed of less than all the claims against all the parties. See *Hope* v. *Weiss* (1968), 12 Mich App 404.

for summary judgment and the trial judge did not err in granting Continental a summary judgment.

The pretrial summary (GCR 1963, 301.3) did not contain a statement that Continental intended to defend on the ground that Mandell was not acting within the scope of his employment at the time of the accident. Plaintiff asserts that Continental was thereby precluded from defending against plaintiff's claim on that basis. However, in neither its answer nor in the pretrial summary did Continental admit plaintiff's allegations that Mandell was one of its employees and that he was acting within the course of his employment at the time of the accident.

The trial judge has the power to modify the pretrial summary. If the trial judge's action in granting the summary judgment is viewed as constituting a modification of the pretrial summary, he did not, in our opinion, thereby abuse his discretion.

Affirmed. Costs to appellee.