PEOPLE v FRANTILA

Witnesses—Criminal Law—Defendant as Witness—Impeachment
   —Prior Misconduct.
   Prior misconduct not resulting in a conviction may not be used to
   impeach a criminal defendant.

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 December 4, 1974, at Lansing. (Docket No. 18687.) Decided January 28, 1975.

Kenneth R. Frantila was convicted of selling LSD. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Sterling W. Schrock,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson, III,* Director, by *William P. Weiner,* Special Assistant Attorney General), for the people.

*Joseph A. Szeremet,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. Holbrook, P. J., and R. B. Burns and Van Valkenburg,* JJ.

R. B. Burns, J. Defendant Kenneth R. Frantila

References for Points in Headnote
21 Am Jur 2d, Criminal Law §§ 358, 368.
Disclosure by witness of fact or transaction as waiver of his privilege against self-incrimination in respect of details and particulars which will elucidate it. 417 ALR 255.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was convicted of selling LSD tablets in violation of MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b).

His appeal is primarily based upon the allegedly improper cross-examination of the defendant when he testified at trial and the allegedly inadmissible evidence the prosecution was allowed to introduce through direct testimony to impeach defendant.

During direct examination the defendant was questioned about his military record. He claimed that it was unblemished except for one minor and irrelevant, nonjudicial disciplinary proceeding. During cross-examination, and over repeated objection, the prosecution was allowed to question defendant about whether he had had a serious drug problem in the service which did not result in any arrest or conviction and whether he had admitted the existence of such a problem to the arresting police officer. Defendant denied both contentions. The prosecution subsequently produced the arresting police officer who claimed that defendant had made such an admission. No further evidence was taken on the matter; consequently the existence, nature, and duration of the alleged problem was never explained or proved.

Defendant contends that this line of inquiry constituted an impermissible use of prior bad acts or misconduct for impeachment citing *Wilbur v Flood,* 16 Mich 40; 93 AD 203 (1867), and *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970). We agree. Michigan law has long held that prior misconduct not amounting to a conviction may not be used to impeach a criminal defendant.

" 'This rule of law guards against convicting an accused person because he is a bad man. Barring such evidence prevents the trier of fact from inferring that the accused person is guilty of the charged offense because he has committed other similar acts or

crimes.' " *People v DerMartzex, 390 Mich 410, 413; 213 NW2d 97, 99 (1973), quoting from People v Matthews,* 17 Mich App 48, 52; 169 NW2d 138, 140 (1969).

Such evidence encouraged the trier of fact to find guilt on the basis of past impropriety rather than on the merits of the present case confirming the worst fears of *DerMartzex.*

In reply, the prosecution does not argue that the evidence was admissible so much as that it was needed in the interests of justice. The prosecution contends that the defendant misrepresented his military experience as problem-free and that it should, therefore, be allowed to put the possible existence of the drug problem in evidence, regardless of whether such evidence would be otherwise admissible, in order to counteract the prejudicial impact of defendant's own misrepresentations. *Grist v Upjohn Co,* 16 Mich App 452; 168 NW2d 389 (1969); McCormick, Evidence (2d Ed), § 57, pp 131–133. We do not believe that the defendant was claiming his military career was free of any problems when he stated that he had not been criminally prosecuted while in the military. In any event, whatever minor confusion may have been caused by defendant could hardly be claimed to have had any significant prejudicial effect, and especially not one that required the megatonic countermeasures offered by the prosecution. In truth, the countermeasures were so potent that they undermined defendant's right to a fair trial. A reversal is required.

To avoid repetitious appeals, we further recommend that at the defendant's new trial the prosecution should endorse as a res gestae witness and produce at trial Michael Greenleaf as required by *People v Koehler,* 54 Mich App 624; 221 NW2d 398 (1974), and *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

Reversed and remanded for a new trial.