## PEOPLE *v.* CHARLES WILLIAMS

1. CRIMINAL LAW—EVIDENCE—RELEVANCE—OTHER OFFENSES—TRIAL COURT—DISCRETION—STATUTE.

    The relevance of offered evidence is generally a subject within the sound discretion of the trial judge and the statute allowing admission in evidence in a criminal case of proof of other offenses committed by defendant for purposes of showing motive or intent or the presence of a plan or scheme does not specify that a direct connection between the evidence offered and the crime charged is necessary (CL 1948, § 768.27).

2. HOMICIDE—MURDER—EVIDENCE—RELEVANCE—OTHER OFFENSES.

    Evidence that defendant had committed a robbery during which a person was shot after the crime of murder of which he now stands accused was committed *held,* properly admitted where a direct connection between the two crimes was shown by an uncontested identification of defendant as the assailant who shot the second robbery victim, and shell casings found at the scene of the second crime had been used in the same pistol as those found at the scene of the crime of which defendant is accused (CL 1948, § 768.27).

Appeal from Recorders' Court of Detroit, De-Mascio (Robert E.), J. · Submitted Division 1 De-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 324–326.
[2] 29 Am Jur 2d, Evidence § 329,

cember 11, 1968, at Detroit.    (Docket No. 4,651.)
Decided January 31, 1969.

Charles Williams was convicted of first-degree
murder.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Arthur N. Bishop,* Assistant
Prosecuting Attorney, for the people.

*Robert J. Sandler,* for defendant.

McGregor, P. J.  A jury found defendant guilty
of murder in the first degree, CL 1948, § 750.316
(Stat Ann 1954 Rev § 28.548).  The victim was
killed during a robbery of her party store.  The
evidence submitted to prove the murder included a
.25-caliber shell casing found in the store, the fatal
bullet taken from the body of the decedent, and
testimony that defendant was seen running from
the murder scene.  The court also admitted evi-
dence of a later crime, a robbery of a party store in
the same neighborhood occurring approximately
three weeks after the murder.  Proof of the subse-
quent offense included three .25-caliber shell casings
and the identification of the defendant by the rob-
bery victim.  Although the defendant objected to the
admission of all proof of the later crime, on the
grounds that it only tended to a prove a subsequent
crime for which defendant was not on trial, the court
allowed the evidence, subject to its being "tied in"
with evidence of the murder.  A ballistics expert
testified that the three shell casings found at the
scene of the second robbery were fired by the same
gun which fired the shell casing found at the murder

scene. There was no testimony that the bullet taken from the decedent's body matched the shell casing taken from the murder scene, and neither the bullets which wounded the subsequent robbery victim nor the murder weapon were introduced in evidence. Defendant denied the murder and offered four witnesses who testified that he was home at the time of the homicide. However, the jury rejected the alibi testimony and adjudged defendant guilty.

The issue presented is whether the admission of evidence of the subsequent crime constituted reversible error.

Defendant contends that the admission of the shell casings, the ballistics testimony, and the subsequent robbery victim's testimony was erroneous. Defendant acknowledges the principle that evidence of other crimes is admissible to determine intent, motive, and identity of defendant, CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050) and he does not object to the evidence admitted to show motive and intent. However, defendant argues that identity is the crucial issue in this case and that the evidence allowed was not material and relevant to connect defendant with the murder. The record indicates that the bullet which killed decedent was not connected with the casing by ballistics testimony, and defendant argues that he was never connected with the murder weapon and the prosecution did not submit the slugs which wounded the second robbery victim. The defendant contends that, since there was no direct evidence that he committed the homicide, there must be a high degree of similarity between the facts and evidence of the two crimes, more than the negation of an innocent intent by evidence of similar acts. Defendant concludes that the absence of a connecting link between the murder and the second crime causes evidence of the subsequent rob-

bery to be immaterial and irrelevant as proof of the murder, as the evidence tended to prove only a second crime for which defendant was not on trial. Thus, the admission of the evidence was reversible error, requiring a new trial. As authority for his contentions, defendant cites the following cases: *People* v. *Padgett* (1943), 306 Mich 545; *People* v. *Rose* (1934), 268 Mich 529; *People* v. *Dean* (1931) 253 Mich 434; *People* v. *Fleming* (1923), 224 Mich 199; *People* v. *Collins* (1906), 144 Mich 121; and *Lightfoot* v. *People* (1868), 16 Mich 507.

The prosecution responds by first stating that ballistics tests performed by a properly qualified expert are admissible in evidence. They contend that the shell casings are as unique as bullets in their markings and are as accurate as fingerprints in identification. Richardson, Modern Scientific Evidence, § 17.10, p 438; 26 ALR2d 898; Paulson, "Admissibility of Ballistics Evidence", 21 Notre Dame Law, 354 (1946).

The prosecution states that evidence of a subsequent, similar crime for which the defendant is not on trial is admissible to prove motive, intent, or identity. CL 1948, § 768.27 (Stat Ann 1954 Rev § 28-.1050). Twenty-three Michigan decisions are cited to support the principle that evidence of other crimes is admissible to prove intent or a plan, scheme, or system. They contend that the evidence was admissible to show defendant's *modus operandi,* an integral part of his identity and plan. The people argue that defendant's *modus operandi* was the night-time robbery of party stores in the same geographic area, with a .25-caliber automatic pistol. Therefore, the evidence submitted was admissible to show both the identity of the defendant and his common plan or scheme. *Williams* v. *State* (Fla, 1960) 117 So 2d 473; 22A CJS, Criminal Law, §§ 683, 684;

1 Conrad, Modern Trial Evidence, §§ 228–230. Consequently, the identification of defendant near the murder scene, the link with the second crime established by ballistics, and the identification of defendant as the assailant in the second crime coalesce to establish his guilt of both crimes and impel affirmance.

The Michigan statute, cited by both parties, on its face appears sufficiently broad to allow the admission of the objectionable evidence, if relevant and material, for the purpose of showing defendant's identity by common scheme, plan, or system, *i.e.*, his *modus operandi.*

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake, or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant." CL 1948, § 768.27 (Stat Ann 1954 Rev § 28-.1050).

Generally, the relevance of offered evidence is a subject within the discretion of the presiding judge, and the statute does not specify that a direct connection between the evidence and the crime charged is necessary. However, we will assume in this matter that a connecting link is a prerequisite to the admission of evidence of other crimes. 22A CJS, Criminal Law, § 683.

Both parties commented on the uniqueness of the present fact situation, and we notice a dearth of

Michigan or other decisions concerning a trial like the present, in which shell casings rather than bullets were involved and the weapon was not produced in evidence. Nevertheless, we are convinced that the evidence was admissible if there was shown a connecting link between the evidence of the second crime and the murder that engendered defendant's trial.

The testimony included an uncontested identification of the defendant as the assailant who shot the second robbery victim. The shell casings found at the scene of the second robbery were of the same caliber and fired by the same gun which fired the shell casing found at the scene of the first robbery, in which the decedent was killed. We agree that these facts establish a direct connection between defendant and the two crimes, and that the jury's conclusion that defendant fired the fatal shot in the first robbery was reasonable. Therefore, the evidence was properly admitted, and there was no reversible error committed.

Affirmed.

FITZGERALD and CYNAR, JJ., concurred.