PEOPLE *v.* FINNISTER

1. TRIAL—EVIDENCE—SCOPE OF REBUTTAL EVIDENCE—RELEVANCY—DISCRETION.

>   The scope of rebuttal evidence and the determination of the relevancy of proffered evidence is within the trial judge's discretion.

2. CRIMINAL LAW—EVIDENCE—PROBATIVE VALUE—ADMISSIBILITY—HARMLESS ERROR.

>   Allowing a police officer to testify that the defendant lived in a hotel and that the buzzer system in the lobby was inoperative the day before defendant's trial for armed robbery, testimony offered to rebut the alibi testimony of defendant's stepfather that on the day of the robbery, over ten months earlier, he had gone to pick up the defendant and had rung the buzzer to let his stepson know he had arrived, was harmless error, if error at all, even though the testimony was of little probative value, where the record showed that the complaining witness unequivocally identified the defendant as the man who had robbed him.

Appeal from Recorder's Court of Detroit, Cornelius J. Sullivan, J. Submitted Division 1 April 6, 1971, at Detroit. (Docket No. 9610.) Decided April 28, 1971. Leave to appeal denied, 386 Mich 781.

James Ronald Finnister was convicted of armed robbery. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1]  29 Am Jur 2d, Evidence § 269.
[1, 2]  53 Am Jur, Trial § 129.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and DANHOFF, JJ.

PER CURIAM. Defendant was found guilty by a jury of armed robbery[1] and was sentenced to serve 15 to 25 years in prison.

The complainant, Morris Boyd, testified that on the Sunday of April 27, 1967, at approximately 8:15 a.m., he was about to enter his apartment building in Detroit when the defendant and another man robbed him of $30 at gunpoint. Mr. Boyd made a formal complaint to the police, giving them a description of the robbers. Thereafter, Mr. Boyd chanced to observe the defendant on the street on three occasions, but it was not until the third occasion that the police were able to respond to his call in time to apprehend the defendant.

At the trial, the defendant interposed the defense of alibi. The defendant's mother and stepfather testified that defendant spent Sundays with them and that his stepfather customarily picked him up in his automobile at 7 a.m. every Sunday morning. The stepfather further testified that defendant lived in an "apartment house" and that he rang the buzzer to let his stepson know he had arrived. The prosecution attempted to counter this testimony by producing a police officer familiar with the area who

---

[1] MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).

stated that defendant in fact lived in a hotel and that the buzzer system in the lobby was inoperative the day prior to trial.

On appeal, all the issues raised by defendant, save one, are either so frivolous as not to merit discussion or were waived by failure to make an objection.

The sole issue which merits discussion concerns the admissibility of the police officer's testimony that the buzzer system of the hotel was not working on February 3, 1970, the day prior to trial. A timely objection was made to this testimony on the ground that it was irrelevant, since defendant's stepfather had claimed only that the buzzer was working on April 27, 1969—over ten months earlier. The court overruled the objection, but would not allow the prosecution to question the officer concerning his conversation with the manager of the hotel about the buzzer system.

The scope of rebuttal evidence is within the sound discretion of the trial judge. *People* v. *Hallaway* (1970), 25 Mich App 604. The same holds true for the determination of the relevancy of proffered evidence. *People* v. *Charles Williams* (1969), 15 Mich App 683. Defendant points out, and we agree, that the probative value of the testimony concerning the buzzer is indeed small. We need not decide, however, whether the trial court abused its discretion since the error, if any, was harmless in the light of the present record. GCR 1963, 529.1; *People* v. *Wardell* (1970), 26 Mich App 69.

Affirmed.