PEOPLE *v.* FOSTER

1. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—IMPEACH-
    MENT—PROSECUTOR'S IMPEACHMENT.

> A *res gestae* witness may be impeached by the prosecution
> (MCLA § 767.40[a]).

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—IMPEACH-
    MENT—PROSECUTOR'S IMPEACHMENT.

> Prosecution's use of prior inconsistent statements of *res gestae*
> witnesses for impeachment purposes did not constitute error
> where a proper foundation was laid for the use of the in-
> consistent statements and the trial court instructed the jury
> that the statements could be considered only to determine the
> veracity of witnesses (MCLA § 767.40[a]).

3. CRIMINAL LAW—EVIDENCE—INSTRUMENT OF CRIME—ADMISSI-
    BILITY.

> An instrument or device used in the commission of a crime, if
> properly identified and connected with the accused, may be
> received into evidence and exhibited to the jury.

Appeal from Recorder's Court for the City of
Detroit, William J. Giovan, J.  Submitted Division
1 January 5, 1971, at Detroit.  (Docket No. 9812.)
Decided April 29, 1971.  Leave to appeal denied,
386 Mich 751.

Freddie Lee ˙ Foster was convicted of second-
degree murder.  Defendant appeals.  Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 633.
[2] 58 Am Jur, Witnesses § 767 *et seq.*
[3] 29 Am Jur 2d, Evidence § 771.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Edward Dobreff (Arnold H. Monash* and *Nathan E. Shur,* of counsel), for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. Defendant was convicted by a jury of second-degree murder. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). He was sentenced to a term of not less than 12–1/2 years and no more than 30 years.[1] On appeal defendant raises three issues: (1) improper use by the prosecutor of prior inconsistent statements of witnesses for impeachment purposes, (2) prejudicial identification of the weapon used by defendant, and (3) the correctness of the trial judge's instructions to the jury.

A *res gestae* witness may be impeached by the prosecution. MCLA § 767.40(a) (Stat Ann 1954 Rev § 28.980[1]). The record reveals that no prejudice to the defendant resulted from use by the prosecution of prior inconsistent statements of witnesses for impeachment purposes. The trial judge carefully explained to the jury that use of prior inconsistent statements could be considered only to determine the veracity of witnesses.

Defendant cites *People* v. *Thomas* (1960), 359 Mich 251, as authority for his first assignment of

---

[1] The transcript of the proceedings and testimony at defendant's sentencing before the Hon. Wm. J. Giovan, Judge of the Recorder's Court for the City of Detroit on June 12, 1970, indicates that a sentence of 12–1/2 to 30 years was imposed. All other references to defendant's sentence are to 12–1/2 to 40 years.

error. However, a careful reading of that case discloses that it is not applicable to the issue of the use of prior inconsistent statements to impeach a witness. Since a proper foundation was laid to allow the use of the prior statements and because the trial judge properly instructed the jury on the use of the prior statements there was no error.

Defendant's second assignment of error is also without merit. The cases cited by defendant all relate to proof of other offenses committed by defendant and are not at all relevant to the issue of prejudicial identification of the weapon used by defendant to murder the decedent.

An instrument or device used in the commission of a crime, if properly identified and connected with the accused, may be received in evidence and exhibited to the jury. *People* v. *Charles Williams* (1969), 15 Mich App 683; 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 461. The prosecutor in this case very carefully identified the weapon and connected it with the defendant. The weapon was properly received in evidence.

Defendant's third assignment of error is that the trial court failed to properly instruct the jury on the law of the case. The record discloses that no objection was made to the instructions of the trial court. Therefore, the defendant may not now claim error. GCR 1963, 516.2, *People* v. *Jefferson* (1969), 18 Mich App 9. When read in full the charge fairly and adequately apprised the jury of the law in the case.

Affirmed.