TURFE v INTIHAR

Trial—Evidence—Rebuttal—Admissibility.
   Whether evidence which a party could have offered before rest-
   ing his case may be given in rebuttal is within the trial judge's
   discretion.

Appeal from Wayne, Joseph G. Rashid, J. Sub-
mitted Division 1 January 5, 1972, at Detroit.
(Docket No. 10253.) Decided January 24, 1972.

Complaint by Fred Turfe against Thomas Intihar
for negligence. Judgment for plaintiff. Plaintiff
appeals. Affirmed.

*Lopatin, Miller, Bindes, Tanielian & Freedman*
(*Norman L. Zemke,* of counsel), for plaintiff.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle
& Lynch,* for defendant.

Before: Levin, P. J., and Holbrook and Bronson,
JJ.

Per Curiam.   Plaintiff, Fred Turfe, received a
jury judgment for $818.50 against defendant,
Thomas Intihar, in an automobile negligence action.
   On appeal plaintiff raises the issue that the trial
court abused its discretion by restricting plaintiff's

---

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 250.

rebuttal medical testimony. We find that the proffered rebuttal testimony could have been offered in plaintiff's main case.

It is the general rule that whether evidence which could have been offered before resting may be given in rebuttal is a matter within the discretion of the trial court. An examination of the record does not demonstrate any abuse of discretion on the part of the trial court. *People* v *Finnister,* 33 Mich App 283 (1971); *Lexchin* v *Mathews,* 269 Mich 120 (1934); *People* v *Utter,* 217 Mich 74 (1921); and *Beebe* v *Koshnic,* 55 Mich 604 (1885).

Affirmed.