PEOPLE *v* FLETCHER

PEOPLE *v* FIELDS

1. CRIMINAL LAW—LINEUP—PRESENCE OF COUNSEL—PREPARATION.

   No particular preparation on the part of defense counsel is necessary prior to his presence at a lineup, because the purpose of his presence is merely to preserve the integrity of the proceedings.

2. CRIMINAL LAW—LINEUP—REVERSIBLE ERROR.

   Reversible error at a lineup identification is based on the totality of the circumstances and is committed when the conduct of the indentification procedures is so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a denial of due process of law.

3. CRIMINAL LAW—EVIDENCE—OTHER OFFENSE—IDENTIFICATION PURPOSES.

   Evidence of other crimes to show a uniform scheme, plan, or course of action on the part of the defendant is admissible for the purpose of proving the identification of the defendant (MCLA 768.27).

4. CRIMINAL LAW—EVIDENCE—OTHER OFFENSE—IDENTIFICATION PURPOSES.

   A sufficient connecting link between the robbery with which the defendant was charged and another robbery committed by him existed to admit evidence of the other robbery for identification purposes where both robberies involved the same assailants, the same victim, and the same location (MCLA 768.27).

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 313.
[2] 21 Am Jur 2d, Criminal Law §§ 361, 368.
[3, 4] 29 Am Jur 2d, Evidence §§ 322, 326.
[5–7] 53 Am Jur, Trial § 668 *et seq.*
[8, 9] 29 Am Jur 2d, Evidence § 320 *et seq.*

5. Criminal Law—Evidence—Other Offenses—Limiting Instruc-
   tion.

   The trial court is not required *sua sponte* to give a limiting in-
   struction immediately after admitting evidence of another
   offense to show motive, intent, mistake, accident, scheme, plan,
   or system where no request for instruction is made at the
   time the evidence is produced (MCLA 768.27).

6. Criminal Law—Evidence—Other Offenses—Limiting Instruc-
   tion—Request for Instructions.

   Defense counsel is not required to go through the motions of
   asking for a limiting instruction to the jury on the weight
   that they might give to evidence of an offense other than the
   one charged where the evidence has been properly admitted
   and the trial court advises defense counsel that it will not
   comment on the evidence to the jury.

7. Criminal Law—Evidence—Other Offenses—Limiting Instruc-
   tion—Request.

   Failure to give a limiting instruction to the jury on the weight
   to be given evidence of an offense by the defendant other
   than the offense with which he is charged constitutes rever-
   sible error, even in the absence of a request for that in-
   struction, where the court had advised counsel that it would
   not comment on the evidence of the other offense and the
   evidence quite obviously played an important part in the
   jury's deliberations (MCLA 768.27).

8. Criminal Law—Evidence—Other Offenses—Admissibility.

   Evidence of a separate offense, even though properly admissible
   to show motive, intent, mistake, accident, scheme, plan, or
   system, should be excluded where its probative value is out-
   weighed by its attendant prejudice to the defendant (MCLA
   768.27).

9. Criminal Law—Evidence—Other Offenses—Admissibility—
   Prejudice.

   Testimony by the complainant that he was able to identify the
   defendant as the man who robbed him because the defendant
   later robbed him again should be excluded because of its
   prejudicial effect; the complainant can testify that he recalled
   what the men looked like because he saw them after the rob-
   bery charged.

Appeal from Recorder's Court of Detroit, Elvin L.
Davenport, J.   Submitted Division 1 January 10,

1972, at Detroit. (Docket Nos. 8591, 10420.) Decided April 24, 1972.

Sam Fletcher and Frank Fields were convicted of armed robbery. Defendants appeal. Reversed and remanded for retrial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers* and *Thomas P. Smith,* Assistant Prosecuting Attorneys, for the people.

*George E. Lee,* for defendant Fletcher on appeal.

*Peter R. Barbara,* for defendant Fields on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

J. H. GILLIS, J. Defendants, Sam Fletcher and Frank Fields,[1] having been convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797, pursuant to a joint information, now bring this appeal as of right.

We find only one meritorious issue presented for our consideration, *i.e.,* did the trial court commit reversible error in its handling of evidence of another crime? However, before proceeding to a discussion thereof, we comment briefly upon the following issue raised by defendant Fields: were

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] We have been advised by the Director of the Department of Corrections that Mr. Fields was the victim of a fatal assault by an unkown assailant on January 10, 1972, at the State Prison of Southern Michigan.

the constitutional rights of the accused inadequately safeguarded during the pretrial lineup when he was represented by an attorney who was appointed hastily on the spot without the necessary preparation? The issue, as framed by defendant Fields, presupposes that the attorney was hastily appointed and did not adequately prepare for his task of protecting the constitutional rights of the defendants.

The attorney involved, Seymour F. Posner, has enjoyed a reputation as a fast-moving and skilled trial counsel notwithstanding his rotund proportions. While the record does not support the propositions that this distinguished member of the bar acted, "without the necessary preparation" and was "hastily appointed", one might assume that Mr. Posner was appointed on the day of the showup. Even assuming so, we find the allegations rather unique. We fail to comprehend what preparation should be made by an attorney prior to his representation of a defendant at a showup, as his presence is merely to preserve its integrity. Reversible error at a lineup identification is based upon the totality of the circumstances, and for such error to be deemed present "the conduct of identification procedures [must be] so unnecessarily suggestive and conducive to irreparable mistaken identification" as to be a denial of due process of law. *People* v *Mack*, 21 Mich App 96, 97 (1970). In the instant case, we do not find the above conditions present.

The meritorious issue in this appeal arose out of the cross-examination of the prosecution's chief witness, the pertinent portion being as follows:

"*Q*. Now, as of right now, you don't remember the description of the men that you gave to the police?

"*A*. I don't remember.

"*Q*. And time does make a difference does it not?

"*A*. Yes.

"*Q.* But you can't recall the terms of the physical description, you can't really recall what the men looked like, can you?

"*A.* I can, yes. *I think I can 'cuz they were the ones that robbed me, and they later robbed me again.*

"*Mr. Lee [for defendant Fletcher]*: Your Honor, at this time I'm going to ask that we immediately excuse the jury." (Emphasis supplied.)

Defense counsel, after the jury was excused, moved for a mistrial which the court indicated it might grant. On further reflection, the court decided to adjourn the matter until counsel and the court researched the applicable law. The court subsequently denied the motion for mistrial on the basis that the statement was admissible if it tended to show a scheme, plan, or system on the part of the defendant. MCLA 768.27; MSA 28.1050 states:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

The validity of this statute has been upheld in a number of cases by the Michigan Supreme Court. *People* v *Rose,* 268 Mich 529, 535 (1934); *People* v *Fleish,* 306 Mich 8, 11 (1943); *People* v *Nawrocki,* 376 Mich 252 (1965); *People* v *Kelly,* 386 Mich 330 (1971).

Likewise, support can also be found in Michigan cases acknowledging the scope of said statute as

broad enough to admit evidence of other crimes to
show a uniform scheme, plan, or course of action on
the part of the accused for the purpose of proving
his identification. *People* v *Charles Williams,* 15
Mich App 683 (1969); *People* v *Jackson,* 280 Mich
6, 9–10 (1937); *People* v *Collins,* 144 Mich 121, 128
(1906). However, as the Court in *Williams* pointed
out at pp 687–688, there is a limitation upon the
admission of such evidence of other crimes:

"Generally, the relevance of offered evidence is a
subject within the discretion of the presiding judge,
and the statute does not specify that a direct con-
nection between the evidence and the crime charged
is necessary. However, we will assume in this mat-
ter that a connecting link is a prerequisite to the
admission of evidence of other crimes. 22A CJS,
Criminal Law, § 683.

" * * * [W]e are convinced that the evidence
was admissible if there was shown a connecting link
between the evidence of the second crime and the
murder that engendered defendant's trial."[2]

Turning to the case at bar, we conclude that a suffi-
cient connecting link existed between the alleged
other robbery and the robbery for which defendants
presently stand convicted inasmuch as both involved
the same assailants, the same victim, and the same
location. Consequently the statement regarding the

---

[2] In *People* v *Charles Williams,* 15 Mich App 683, 688 (1969),
the Court, in applying the limitation to the case before it, stated:
"The testimony included an uncontested identification of the de-
fendant as the assailant who shot the second robbery victim. The
shell casings found at the scene of the second robbery were of
the same caliber and fired by the same gun which fired the shell
casing found at the scene of the first robbery, in which the decedent
was killed. We agree that these facts establish a direct connection
between defendant and the two crimes, and that the jury's con-
clusion that defendant fired the fatal shot in the first robbery
was reasonable. Therefore, the evidence was properly admitted, and
there was no reversible error committed."

subsequent robbery would be properly admissible under the purview of MCLA 768.27; MSA 28.1050.

The problem, however, lies in the fact that the trial court never gave an instruction as to the limited purpose for which the jury could consider the testimony regarding the subsequent robbery. No request having been made by defense counsel at the time the testimony was elicited, it is clear that the court was not required *sua sponte* to give a limiting instruction immediately after the incident occurred. *People* v *Kelly,* 386 Mich 330 (1971). Throughout the balance of the trial no further reference was made to the statement of the prosecution's chief witness. The jury, after commencing their deliberations, apparently made some request to the trial court which is not shown in the record. As a consequence the jury did return to the courtroom and the following transpired:

*"The Foreman:* The question is that at one point in the hearing a Mr. Jones inadvertently began to make the statement and if I may say what that statement was—can I?

*"The Court:* No. No. I don't want to hear it.

*"The Foreman:* He began and the defense attorney stopped the proceedings and we were ushered out. A few of the jury members have heard this and wondered if this should carry any weight in our deliberations. It was not stricken off the record.

*"The Court:* No, it wasn't. I think I know what you heard too.

"Now, I suppose I'll have to find out from you what it was you claim was heard. You may say.

*"The Foreman:* May I?

*"The Court:* Yes.

*"The Foreman:* The witness, Mr. Jones, began to say that the second time he was held up.

*"The Court:* Yes. Now, I recall. Then you were excused?

"*The Foreman:* Yes, most of us did not hear this, your Honor.

"*The Court:* It became a question of law then in your absence and that's why you were excused and the court ultimately ruled on it the next morning before you were recalled. The answer was not stricken and the court did ultimately rule the testimony to be admissible over the objection of counsel.

"*The Foreman:* I see.

"*The Court:* I can't go further than that.

"*The Foreman:* That is sufficient, sir.

"*The Court:* And I'm not going further than that. I did rule it admissible.

"*Mr. Lee:* Your Honor, may I ask that the jury be excused right at this point?

"*The Court:* Well, when I'm through, yes. Now, when I'm through and I am through. I did not rule it inadmissible. It was not ultimately stricken. I can't go beyond that and you may go, return to the jury room for further deliberations.

"*The Foreman:* Thank you, your Honor.

"*Mr. Lee:* Your Honor—

"*The Court:* (*Interposing*) Wait until they get out, will you? Sit down. (Whereupon the jurors left the courtroom.)

"*Mr. Lee:* May it please the court, your Honor did not rule at that time that that statement was admissible.

"*The Court:* I ultimately ruled it admissible the next morning. That's my ruling.

"*Mr. Lee:* Your Honor's ruling was that it did not constitute a basis for mistrial. You said, 'I'm not going to say anything more about it.'

"*The Court:* Well, it was not stricken. So, they heard it. It's in and I'm not doing anything about it."

While there is some confusion in the case law of this state on the issue of whether or not a trial judge

is required to give a limiting instruction in his charge to the jury in the absence of a specific request to do so,[3] that point is really not before us in this case. It is important to note that the trial judge, in approaching the problem of the admissibility of the statement in question and having concluded it was admissible, indicated he would not comment further upon the issue. It is important to note that the pertinent remarks of the prosecution's witness quite obviously played an important part in the jury's deliberations. Defendant Fletcher's trial and appellate counsel, George E. Lee, attached an affidavit to his brief, which stands unrefuted, stating that the jury returned with its verdict "within fifteen minutes of the court's instructing that the witness's utterance could be afforded weight in the jury's deliberations".

We, therefore, hold that where proof may show or tend to show the commission of another prior or subsequent crime by the defendant and such evidence has been properly admitted and the trial court advises defense counsel that it will not comment on same to the jury, defense counsel is not required to go through the motions of asking for a limiting instruction to the jury on the weight that they might give to such proof.

---

[3] In *People* v *Nawrocki*, 376 Mich 252 (1965), the prosecution introduced evidence of other offenses to show defendant's fraudulent scheme, plan or intent. Counsel for defendant did not request a limiting instruction and none was given at any time by the trial court. The Supreme Court affirmed and did not require any limiting instruction unless such instruction was requested by defense counsel. In *People* v *Kelly*, 26 Mich App 148, 159 (1970), in an opinion signed by this author, we stated by way of dicta, "We hold not to give the instruction at all, whether requested or not, is reversible error". This was dicta because the precise issue in the *Kelly* case was whether or not it was reversible error for the court to fail to instruct the jury *immediately* as to the limited purpose for which the testimony was admitted. Obviously if there is a conflict between *Nawrocki* and the Court of Appeals decision in *Kelly*, the higher Court decision is the one to follow.

Although we have already discussed the propriety of the admissibility of the testimony in question under the purview of MCLA 768.27; MSA 28.1050, further comment is deemed necessary in light of the retrial entitled defendant as ordered by this opinion. Even though evidence of prior or subsequent acts of an accused would probably be admissible, it should, nevertheless, be excluded where its probative value is outweighed by the attendant prejudice to the defendant. *People* v *Shaw*, 9 Mich App 558, 566 (1968). Such a situation is now before us as is well exemplified by the concern of the jury over whether they could properly consider the pertinent testimony in their deliberations and the rapidity with which a verdict was reached having found they could in fact do so. Consequently, we order that in the retrial of this case the witness be instructed that in response to any question regarding his ability to recall the physical description of his assailants, he is permitted to testify that he can recall what the men looked like due to the fact that he had seen them again on a subsequent occasion, but must refrain from indicating it occurred during another robbery.

Reversed and remanded for retrial.

All concurred.