PEOPLE v SPILLMAN

1. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—PROBATIVE VALUE.

Evidence tending to show that a defendant committed crimes other than those charged is generally inadmissible because whatever probative value the evidence has is outweighed by the disadvantage of diverting the trier of fact from an objective appraisal of the defendant's guilt or innocence of the crime charged.

2. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—PREJUDICE—PROBA-TIVE VALUE—STATUTES—INTENT—MOTIVES—SCHEME OR PLAN.

Evidence of a defendant's other crimes is admissible under a statutory exception where the trial judge finds the defendant's motive, intent, the absence of mistake or accident on his part, or defendant's scheme, plan or system is material to the case, the evidence offered tends to show those elements, and the judge determines that the probative value of the evidence is not outweighed by attendant prejudice to the defendant.

3. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—MATERIALITY.

The materiality requirement is satisfied only when intent, or any of the other items on the statutory list, is an important issue in the case either because it is contested by defendant or because it is necessary to establish identity.

4. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—MATERIALITY.

Evidence of a defendant's prior armed robbery should have been excluded here, as defendant claimed that his companion committed the assault and did not dispute the fact that his companion possessed the requisite intent, and there was eyewitness testimony directly identifying defendant as the culprit.

5. APPEAL AND ERROR—CRIMINAL LAW—HARMLESS ERROR—REASONA-BLE DOUBT.

The Court of Appeals in determining whether error in the admis-

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 29 Am Jur 2d, Evidence §§ 320, 321, 333.
[5] 5 Am Jur 2d, Appeal and Error §§ 803, 806.

sion of evidence in a criminal case was harmless beyond a reasonable doubt must determine whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction by convincing an otherwise undecided juror of the defendant's guilt beyond a reasonable doubt.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted April 14, 1975, at Detroit. (Docket No. 20945.) Decided August 12, 1975. Leave to appeal applied for.

Alfred Spillman was convicted of assault with intent to rob while armed and unlawfully driving away a motor vehicle. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Liethauser & Grossbart,* for defendant.

Before: ALLEN, P. J., and BRONSON and N. J. KAUFMAN, JJ.

BRONSON, J. Defendant was convicted by jury verdict on April 3, 1974 of assault with intent to rob while armed, MCLA 750.89; MSA 28.284, and unlawfully driving away a motor vehicle, MCLA 750.413; MSA 28.645. He was sentenced on April 18, 1974 to prison terms of 20 to 40 years and 3 to 5 years, respectively.

The error asserted in this appeal concerns testimony given by the complainant, and elicited by the prosecutor, to the effect that defendant had robbed complainant's bar some two weeks prior to the incident upon which the present charges are

based. The testimony was offered and admitted because, in the words of the prosecutor:

"[T]hat evidence is certainly relevant to identification of the defendant by the complainant. I believe it also would be covered by the scheme, plan or pattern * * * statute because the intent of the defendant is a relevant factor in this case."

The statute referred to by the prosecutor is MCLA 768.27; MSA 28.1050, which provides:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

## I.

Evidence tending to show that the defendant committed crimes other than those charged is generally inadmissible "because it has been decided that whatever probative value such evidence has is outweighed by the disadvantage of diverting the trier of fact from an objective appraisal of defendant's guilt or innocence". *People v Der-Martzex*, 390 Mich 410, 413; 213 NW2d 97 (1973). In other words:

"This rule of law guards against convicting an accused person because he is a bad man. Barring such evidence prevents the trier of fact from inferring that

the accused person is guilty of the charged offense because he has committed other similar acts or crimes." *People v Matthews,* 17 Mich App 48, 52; 169 NW2d 138 (1969).

The statutory exception[1] to this general rule bespeaks a legislative determination "that the probative value of such evidence may outweigh the disadvantages where the people seek to use such evidence to show the defendant's 'motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in the act, [sic] in question'. [Citation omitted.]" *People v DerMartzex, supra,* at 413.

Accordingly, whenever a trial judge is asked to allow the jury[2] to consider so-called "other crimes", he must perform a two-step analysis.[3] First, he must decide whether the statutory requirements for admission are met. That is, he must decide 1) whether the defendant's "motive, intent * * * " is "material" to the case and 2) whether the evidence offered is that of "like acts or other acts * * * which may tend to show" motive, intent, etc. If the evidence does not satisfy the statutory criteria, it must not be admitted, no matter how probative it is of defendant's guilt.

If the trial judge decides that the proffered evidence satisfies this threshold standard, then he must go on to the second step of the analysis and

[1] There are common law exceptions to the general rule as well. *See, e.g., People v Nawrocki,* 376 Mich 252, 255; 136 NW2d 922 (1965) [prior crime may be shown as part of res gestae of charged offense], *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97 (1973) [prior sex offense may be shown to establish familiarity between defendant and victim].

[2] The problem is less serious when a jury is not involved. *See People v Lundberg,* 364 Mich 596; 111 NW2d 809 (1961).

[3] Of course, the burden is on the prosecutor to show that the evidence should be admitted. *People v Shaw,* 9 Mich App 558, 566; 157 NW2d 811 (1968).

determine whether the "probative value is outweighed by attendant prejudice to the defendant". *People v Shaw,* 9 Mich App 558, 566; 157 NW2d 811 (1968), *People v DerMartzex, supra,* at 413. That is, even if the evidence meets the statutory requirements for admissibility, it still may be unacceptable if it is unduly prejudicial, insufficiently probative, or unnecessary in light of the other evidence.

We must apply these principles to the circumstances of the instant case to ascertain whether the trial judge erred in admitting the challenged testimony.

The prosecutor maintains that the evidence of the alleged prior robbery was admissible to show defendant's intent in committing the assault with intent to rob. It is true that the two offenses are similar enough to warrant the application of the statute, since the fact that defendant possessed the intent to rob complainant on an earlier occasion "tends to show" that he had a similar intent on the night in question. See *People v Streetman,* 59 Mich App 49; 228 NW2d 539 (1975), compare *People v Locke,* 275 Mich 333; 266 NW 370 (1936).

However, that the prior act tends to prove intent satisfies only one of the statutory requirements. The other is that intent must be "material" to the case. This requirement is not fulfilled merely by showing that intent is an element of the crime charged. If that were enough, then evidence of other crimes would invariably meet the statutory test, since intent—in one form or another—must virtually always be proved by the prosecutor. The statute would then cease to be what the Legislature intended it to be—a "limited exception" to the general rule excluding such evidence. *People v Matthews, supra,* at 52.

The materiality requirement, then, is designed to cover those cases where intent—or any of the other items on the statutory list—is an important issue in the case either because it is contested by defendant, see *People v Wright,* 315 Mich 81; 23 NW2d 213 (1946), *People v Simons,* 42 Mich App 400; 202 NW2d 575 (1972), or because it is necessary to establish identity, *i.e.,* "to show that defendant was the one who intended to do the act". *People v Chism,* 390 Mich 104, 118; 211 NW2d 193 (1973).

Intent was not an important issue in the instant case. Defendant's claim was that though he was present at the scene of the crime, the assault was committed by a companion. He did not dispute the fact that his companion possessed the requisite intent. Nor did he maintain that if the jury found that he committed the assault, they should also find that he did not possess the requisite intent to rob.

Moreover, use of the evidence for identification purposes was improper. Where there is only circumstantial evidence implicating defendant, and where the evidence of prior crimes is part of that crucial circumstantial evidence, admission is proper. See *People v Chism, supra.* That is not the case here, however. Though the complainant quite clearly did rely on his prior experience with defendant in identifying defendant as the assailant,[4] reference to this fact during trial was unnecessary. The complainant claimed to be certain that defendant assaulted him because he had gotten a "good look" at defendant's face during the assault. That he also *recognized* defendant's face could not

---

[4] One of the investigating officers testified that the complainant mentioned defendant's role in the alleged prior robbery in his initial report of the assault incident.

buttress the reliability of the eyewitness identification. Use of evidence of a prior crime to establish identity where, as here, there is eyewitness testimony identifying defendant as the culprit is error.[5]

Balancing probative value against the "risks of unfair prejudice, confusion of issues or misleading the jury", *People v DerMartzex, supra,* at 415, forcefully supports our conclusion that the evidence of the alleged prior crime in this case was not material to the issue of intent. Because the evidence was unnecessary to prove intent—an unimportant issue—or to establish identity—given other eyewitness identification—the jury was being asked, in effect, to infer that defendant was guilty. of the charged offense because he had committed an earlier, similar crime. Moreover, because the earlier act was entirely a "separate and distinct transaction", *People v Lewis,* 264 Mich 83, 86; 249 NW 451 (1933), it had little tendency "to prove anything but the earlier offense, for which defendant was not on trial". *Lightfoot v People,* 16 Mich 507, 510–511 (1868). Because its probative value was slight, its importance to the prosecutor's case minimal, and its prejudicial impact great, the evidence that defendant committed a prior armed robbery should have been excluded.

[5] We do not mean to question those decisions which allow evidence of similar acts showing a common plan or scheme even in the face of eyewitness identifications. *See, e.g., People v Kelly,* 386 Mich 330; 192 NW2d 494 (1971), *People v Jackson,* 46 Mich App 764; 208 NW2d 526 (1973). To the extent that *People v Fletcher,* 39 Mich App 687; 198 NW2d 792 (1972), departs from the principles applied here, we decline to follow it.

The existence of a common plan is *independent* evidence of identity. Such evidence does not depend for its probative value on the reliability of those reporting the prior acts. Put another way, the existence of a common plan reinforces the identification testimony. The probative force of all of the eyewitness identifications is greater than the probative force of the sum of each individual identification taken alone, where the eyewitness identifications considered together indicate the presence of a scheme or plan.

## II.

It remains to be determined whether the error complained of was prejudicial. Unless we can say that the error was "harmless beyond reasonable doubt", we must reverse.[6] *People v Swan,* 56 Mich App 22, 33; 223 NW2d 346 (1974). The test has been recently stated as follows:

"We must determine 'whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction' [footnote omitted], that is, whether it might have aided in convincing an otherwise undecided juror of the defendant's guilt beyond a reasonable doubt. If it is reasonably possible that, in a trial free of the error complained of, even one such jury member might have voted to acquit the defendant, then the error was not harmless, and the defendant must be retried." *People v Swan, supra,* at 33.

As we have already indicated, the evidence erroneously introduced tended to support the complainant's identification of defendant as his assailant. Defendant argued that this identification was mistaken.[7] Though defendant's companion also testified that the defendant committed the assault, his testimony was subject to the obvious limitation that it could have been interpreted by the jury as a self-serving attempt to avoid the blame defendant was foisting upon him. Another witness present at the time of the assault was unable to identify defendant. Moreover, the complainant's

---

[6] Even though the error involved here is nonconstitutional in nature, the harmless error rule should be applied. *People v Roberson,* 55 Mich App 413, 419–420; 222 NW2d 761 (1974). We do not believe that the error was unduly "offensive to the maintenance of a sound judicial process", *People v Wichman,* 15 Mich App 110, 116; 166 NW2d 298 (1968), so as to require reversal on that ground alone.

[7] Defendant did not take the stand, but attempted to explain his theory of the case through cross-examination and closing argument.

description of defendant as he appeared the night of the assault included a reference to a long black coat he claimed defendant was wearing at the time of the assault. However, defendant's companion testified that he was wearing a long black coat at the time of the assault and that defendant was wearing a gray coat.

Under these circumstances, the evidence tending to identify defendant as the assailant was not so overwhelming that we can confidently assert that " 'all reasonable jurors would find guilt beyond a reasonable doubt' ". *People v Swan, supra,* at 33, quoting Saltzburg, *The Harm of Harmless Error,* 59 Va L Rev 988, 1014, n 89 (1973). The tainted evidence may well have contributed to defendant's conviction.

Reversed and remanded for new trial.[8]

---

[8] Because the facts of the two charges on which defendant was convicted are inextricably intertwined, defendant must be retried on both charges.