PEOPLE v SPILLMAN

Docket No. 57803. Decided December 31, 1976. On application for leave to appeal by the people, in lieu of granting leave to appeal, the Supreme Court reversed the decision of the Court of Appeals and·remanded to the trial court for reinstatement of the defendant's convictions.

Alfred Spillman was convicted by a jury in Recorder's Court of Detroit, Robert J. Colombo, J., of assault with intent to rob while armed and unlawfully driving away a motor vehicle. The victim was allowed to testify, over objection, that he recognized the defendant because Spillman had robbed the victim's bar two weeks before the time of the crime charged. The Court of Appeals, Allen, P. J., and Bronson and N. J. Kaufman, JJ., reversed (Docket No. 20945). On application by the people for leave to appeal it was *held* in a per curiam opinion that:

Evidence may be logically related to several aspects of a case and may ordinarily be admitted into evidence for any purpose upon which it might be competent despite the fact for another purpose it might be incompetent. Testimony about prior criminal activity is admissible when it tends to prove the identity of the person who committed the crime charged. The witness's prior viewing of the defendant wearing the same coat and holding the same handgun, occurring under similar circumstances, tends to make the identification of the defendant more credible.

Justice Williams concurred in the result.

Chief Justice Kavanagh concurred on the ground that the testimony was admissible to establish the witness's basis for identification of the defendant, not to show his intent or scheme.

Reversed and conviction reinstated.

Justice Levin dissented, and would deny leave to appeal. The rules of the law of evidence are, for the most part, rules of

REFERENCES FOR POINTS IN HEADNOTES
[1, 5, 7–9] 29 Am Jur 2d, Evidence § 20 *et seq.*
[2, 10] 29 Am Jur 2d, Evidence, § 738 *et seq.*
[4, 6] 67 Am Jur 2d, Robbery § 15.

exclusion which are the product of the jury trial system and experience, reflecting the concern that the truth-seeking process be fair and orderly. For policy reasons the general rule is that evidence of other crimes is not admissible, and deciding when it may be admitted requires a balancing of its probative value against the danger to the defendant that the jury will infer that because he committed other crimes, he probably committed the crime charged. In holding that the circumstances of the prior encounter between the victim and the defendant in this case should have been excluded, the Court of Appeals adopted a proper approach.

63 Mich App 256; 234 NW2d 475 (1975) reversed.

### OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.

Evidence may be logically related to several aspects of a case; the evidence may normally be admitted for any purpose upon which it might be competent even though for another purpose it might be incompetent.

2. CRIMINAL LAW—EVIDENCE—PRIOR CRIMES.

Evidence of a distinct, unrelated crime is generally not admissible in a trial of a defendant charged with the commission of a different criminal offense because the probative value of such evidence is outweighed by the disadvantage of diverting the trier of fact from an objective appraisal of the defendant's guilt or innocence.

3. CRIMINAL LAW—EVIDENCE—PRIOR CRIMES—IDENTIFICATION.

Evidence of prior criminal activity of a defendant is competent where it tends to prove the identity of the person who committed the crime charged; confrontation of a witness by a defendant under circumstances similar to those of a former confrontation tends to make the identification of the defendant more credible.

4. ROBBERY—ASSAULT WITH INTENT TO ROB—EVIDENCE.

Testimony by a victim in a trial for assault with intent to rob that he recognized the defendant because he had been robbed by the defendant two weeks before the assault was admissible as evidence of the defendant's identity.

5. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.

All evidence which meets the requirements for admissibility should be received in a criminal trial because a criminal trial seeks the truth; some evidence may be ruled inadmissible

where its prejudicial effect outweighs its probative value, taking into consideration the cumulative nature of the evidence and the defendant's theory of the case.

CONCURRING OPINION

KAVANAGH, C. J.

6. ROBBERY—ASSAULT WITH INTENT TO ROB—EVIDENCE.

*Testimony by a victim in a trial for assault with intent to rob that he recognized the defendant because he had been robbed by the defendant two weeks before the assault was admissible to establish the basis for the identification of the defendant as the victim's assailant.*

DISSENTING OPINION

LEVIN, J.

7. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.

*One of the requirements for admissibility of evidence is that the probative value of the evidence not be outweighed by other considerations, such as the danger of unfair prejudice, confusion of the issues, or misleading the jury.*

8. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.

*All relevant evidence is admissible unless excluded by the Constitution, statute, court rule, or rule of law; the rules of evidence are, for the most part, rules of exclusion.*

9. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.

*The rules of the law of evidence reflect the concern that the truth-seeking process be a fair and orderly process; for policy reasons illegally obtained evidence, hearsay, privileged communications, opinion testimony, secondary evidence, offers of compromise, withdrawn pleas of guilty, subsequent remedial measures and character evidence are excluded altogether or are admissible only for limited purposes and in limited circumstances.*

10. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—ADMISSIBILITY.

*Evidence of other crimes which is relevant only to prove a criminal disposition is inadmissible because the law regards the inference from general to specific criminality so weak, and the danger of prejudice so great, that it attempts to prevent conviction on account of a defendant's bad character.*

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Julius M. Grossbart* for defendant.

Per Curiam. Alfred Spillman was originally charged in a three-count complaint with the crimes of robbery armed, MCLA 750.529; MSA 28.797, unlawfully driving away a motor vehicle, MCLA 750.413; MSA 28.645, and assault with intent to commit murder, MCLA 750.83; MSA 28.278. The juvenile division of Wayne County Probate Court waived jurisdiction over the defendant to the Recorder's Court for the City of Detroit.

At the close of the proofs, defense counsel moved to dismiss the count of robbery armed. The trial court granted that request but held that the facts would support the lesser included offense of assault with intent to rob and steal being armed, MCLA 750.89; MSA 28.284. The jury was instructed on count II and count III as the defendant was originally charged. The jury convicted defendant of assault with intent to rob and steal being armed and unlawfully driving away a motor vehicle.

The Court of Appeals reversed both these convictions holding that the admission of testimony that defendant had committed a prior armed robbery was error. 63 Mich App 256; 234 NW2d 475 (1975). Plaintiff-appellant's application for leave to appeal is considered and pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, this opinion is issued as a final disposition of this case.

A reading of the trial transcript reveals that at approximately 1:15 a.m. on the morning of Decem-

ber 31, 1973, William Jurkiewicz, accompanied by William Opalewski, had just completed closing up his bar located at 8978 VanDyke in the City of Detroit. Mr. Jurkiewicz testified that he was in the process of removing snow from his automobile when he heard a voice say, "Get behind the car". Mr. Jurkiewicz looked up and observed defendant holding a gun. When Jurkiewicz refused to go behind the car, defendant ordered an accomplice, Carl Weems, to force him behind the vehicle.

Weems attacked the victim striking him several times about the head and face with the ice scraper. While under attack, Mr. Jurkiewicz retreated approximately 15 feet, stopping on the sidewalk under a street light. Defendant told Weems to stop hitting the victim and once again ordered Mr. Jurkiewicz to go behind the car. Mr. Jurkiewicz again refused and then told the defendant that if he were going to shoot him he might as well do it on the street where someone could find him. Defendant did, the shot striking Mr. Jurkiewicz in the arm.

Defendant then rushed to the car and climbed in behind the wheel ordering Mr. Opalewski to get out. Weems pulled Mr. Opalewski from the car and the two assailants drove off immediately. Police officers called to the scene found the victim's abandoned automobile approximately one block from the bar. Police discovered, in a recent snow, two distinct sets of footprints leading away from the car. The prints went down an alley and through a backyard to the front door of a house at 8251 Marion. Police entered the house and followed wet footprints to a back bedroom where they found defendant and Weems hiding.

A search of the house revealed a .38-caliber handgun containing a spent cartridge which Mr.

Jurkiewicz identified at trial as being the weapon used in the assault. Upon searching the defendant's coat, the police found a set of car keys which belonged to the victim.

Accomplice Weems testified at trial. For the most part, Weems' explanation of the crime coincided with that of Mr. Jurkiewicz. Weems did testify that during the assault, defendant had made a demand for money of the victim. The only two discrepancies of significance in the people's case were concerning the color of the coat worn by defendant and the location of the handgun inside the house.

After the close of the people's proofs, the defense rested without producing any evidence. The defense then moved to dismiss the robbery armed charge. In ruling in favor of the defense on that motion, the judge concluded that there had been insufficient evidence of a completed robbery. The judge considered the taking of the victim's car "to have been an afterthought * * * in an effort to effectuate an escape". The judge did believe there was sufficient evidence for the jury to consider the crime of assault with intent to rob being armed.

During his testimony Mr. Jurkiewicz was asked whether he had observed defendant prior to their confrontation on December 31st. Over objection Mr. Jurkiewicz testified that he had observed defendant in his bar at approximately 1:15 on the afternoon of December 13th, while defendant was in the process of perpetrating an armed robbery. Mr. Jurkiewicz testified that the defendant wore the same coat and carried the same gun on both December 13th and December 31st. It is the introduction of these remarks that caused the Court of Appeals to order a new trial.

Prior to the commencement of the trial, the

record reflects that the prosecuting attorney notified the court and the defense counsel that "the people intend to introduce evidence that this same defendant had committed a robbery of a bar owned by this same complainant approximately three weeks earlier. Now, that evidence is certainly relevant to identification of the defendant by the complainant. I believe it also would be covered by the scheme, plan or pattern statute because the intent of the defendant is a relevant factor in this case".

An item of evidence may be logically related to several aspects of the case. In such situations it is normal to admit the evidence for any purpose upon which it might be competent despite the fact for another reason it might be incompetent. *People v Doyle,* 21 Mich 221 (1870).

"In other words, *when an evidentiary fact is offered for one purpose, and becomes admissible by satisfying all the rules applicable to it in that capacity, it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity and because the jury might improperly consider it in the latter capacity."* 1 Wigmore, Evidence (3d ed), § 13, p 300. (Emphasis in original.)

Therefore, so long as the testimony about the prior criminal activity was admissible under either one of the two theories suggested by the prosecution, it was not error for the trial judge to allow the admission of that evidence.

The general rule is that evidence of a distinct, unrelated crime is not admissible in a trial of a defendant charged with the commission of a different criminal offense. Evidence of prior criminal activity is inadmissible on the issue of guilt or innocence of the offense charged because the pro-

bative value of such evidence "is outweighed by the disadvantage of diverting the trier of fact from an objective appraisal of the defendant's guilt or innocence". *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97 (1973). There are, however, several well-accepted exceptions to the general rule. One such exception is that, when the evidence offered tends to prove the identity of the person who committed the crime for which he is on trial, such evidence is competent. We believe that the disputed evidence fits within this common law exception to the general rule. The prior viewing of the defendant wearing the same coat, holding the same handgun, occurring under similar circumstances, tends to make this witness' identification of defendant more credible.

It has been suggested that such testimony as was offered in this case should be limited to the prior observation of defendant with the evidence of defendant's prior criminal activity being suppressed. This approach avoids application of both the exception and the general rule. However, it also diminishes the impact of the witness' testimony because it deletes information which tends to bolster the prior identification. Evidence that a witness' confrontation with a defendant occurred under circumstances similar to a former confrontation strongly suggests that the witness had a substantial basis for correctly identifying the accused.

It has also been suggested that the witness' ability to identify the defendant based solely on the December 31st confrontation is sufficient and that evidence of the prior criminal identification is cumulative and prejudicial, and should not be admitted. However, as we are of the opinion that a criminal trial is a truth-seeking adventure, we believe that all evidence which meets the require-

ments for admissibility should be received. We recognize that in some cases the trial judge may be justified in refusing to admit some evidence because its prejudicial effect outweighs its probative value. The cumulative nature of such evidence is but a factor that the trial judge should weigh in making his decision. Another consideration is the defendant's theory of the case. In this case defendant offered no proofs but his counsel attempted to convince the jury that testimony from the prosecution's witness supported a finding that the crimes were perpetrated by Weems rather than defendant. In light of this argument evidence of the victim's identification of the defendant, even though cumulative, could be viewed as crucial to the prosecution's case.

Finally, we are concerned that suppression of the December 13th event would also require suppression of a portion of the res gestae evidence of the December 31st event. Mr. Jurkiewicz testified:

"The voice said, 'Get behind the car' and I looked up and I said 'I am not getting behind the car.' I said, 'Didn't you get enough off me two weeks ago?' "

Suppressing this evidence would deny to the trier of fact important information explaining Mr. Jurkiewicz' state of mind and why he reacted to the December 31st situation as he did.

For these reasons, the decision of the Court of Appeals is reversed and the case is remanded to the trial court for reinstatement of the defendant's convictions.

Coleman, Fitzgerald, Lindemer, and Ryan, JJ., concurred.

Williams, J., concurred in the result.

Kavanagh, C. J. I concur in the reversal and

reinstatement of the conviction because I am convinced no reversible error occurred in the trial.

Evidence of the prior holdup was admissible to establish the witness's basis for identification, not to show defendant's intent or scheme.

Levin, J. *(dissenting)*. I would deny leave to appeal.

The memorandum opinion notes the generalizations that evidence admissible for one purpose may be received although it would be excluded if it were offered for another purpose, and that the court may exclude relevant evidence where its probative value is outweighed by other considerations. The opinion does not reflect, however, the need for a careful and informed assessment of the worth of the proffered evidence and of the validity of the asserted considerations weighing against admission and for balancing the competing concerns in the search for truth through the processes of a fair trial.

While a criminal trial and, also, a civil trial, is in a sense a "truth-seeking adventure", it begs the question to say that "all evidence which meets the requirements for admissibility should be received". One of the requirements for admissibility is that the probative value of the evidence not be outweighed by other considerations.

If all evidence of probative value were admissible, there would be no law of evidence. Trial judges would merely decide *ad hoc* whether proffered evidence would aid the jury in seeking the truth.

All relevant evidence is, indeed, admissible, *unless* excluded under the constitution, by statute, by court rule or by rule of law.[1] "The rules of evi-

---

[1] McCormick on Evidence (2d ed), § 184; FR Ev 402.

dence are, for the most part, rules of exclusion."[2] It is the exclusions and their application in individual cases which require our attention and constitute the body of law known as the law of evidence.

The rules of the law of evidence—rules excluding relevant and probative evidence—are the product of the jury trial system and experience. They reflect the concern that the truth-seeking process be a fair and orderly process.

For policy reasons illegally obtained evidence, hearsay, privileged communications, opinion testimony, secondary evidence, offers in compromise, withdrawn guilty pleas, subsequent remedial measures and character evidence are excluded altogether or are admissible only for limited purposes and in limited circumstances.

Similarly, for policy reasons the general rule is that other crimes evidence is not admissible:

"While to the layman's mind a defendant's criminal disposition is logically relevant to his guilt or innocence of a specific crime, the law regards the inference from general to specific criminality so weak, and the danger of prejudice so great, that it attempts to prevent conviction on account of a defendant's bad character. Thus, evidence of 'other crimes' which is relevant only to prove a criminal disposition is universally acknowledged to be inadmissible." *United States v Foutz,* 540 F2d 733, 736 (CA 4, 1976).

In *United States v Cook,* 538 F2d 1000, 1005 (CA 3, 1976), the Court of Appeals for the Third Circuit held that it was an abuse of discretion to permit the government to introduce evidence of a prior sodomy conviction for the purpose of refuting an inference that the defendant was in lawful posses-

---

[2] Tracy, Handbook of the Law of Evidence, p 4.

sion of a pistol seized when he was arrested. The court spoke of the considerable erosion of the general rule against the admissibility of other crimes evidence, of the need for "a less mechanical balancing test in order to preserve the fundamental rule"[3] and declared that the government could have used "the more abstemious approach" of asking the defendant to stipulate that he had been convicted of a felony "thereby avoiding undue prejudice from the introduction of proof of the sodomy conviction. To have made the jury aware of the nature of the offense went beyond the purpose for which the government asserted the right to introduce evidence of other crimes."[4]

---

[3] "The Fifth Circuit has outlined some of the considerations relevant to the balancing process:

" ' * * * we must balance the actual need for that evidence in view of the contested issues and the other evidence available to the prosecution, and the strength of the evidence in proving the issue, against the danger that the jury will be inflamed by the evidence to decide that because the accused was the perpetrator of the other crimes, he probably committed the crime for which he is on trial as well. * * * The treasured principles underlying the rule against admitting evidence of other crimes should be relaxed only when such evidence is genuinely needed and would be genuinely relevant.' [United States v Goodwin, 492 F2d 1141, 1150 (CA 5, 1974).]

"This balancing test is the modern bastion of a long standing tradition that protects a criminal defendant from 'guilt by reputation' [Government of the Virgin Islands v Toto, 529 F2d 278, 283 (CA 3, 1976)]; and from 'unnecessary prejudice.' [United States v Ring, 513 F2d 1001, 1004 (CA 6, 1974).] Because the weighing entails competing interests, it is delicate, and must be employed with care lest accommodation to the prosecutor's needs result in subverting a principle that is central to our concept of fairness. [Footnote omitted.] We are not the first Court to caution against allowing exceptions to swallow this important rule. [United States v Miller, 500 F2d 751 (CA 5, 1974); United States v San Martin, 505 F2d 918, 923 (CA 5, 1974).]" 538 F2d 1003.

[4] The analysis of the United States Court of Appeals for the First Circuit is instructive:

"Nor was the probative value of the alarm evidence 'substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury * * * .' FR Ev 403; United States v Eatherton, 519 F2d 603, 611 (CA 1, 1975) cert den 423 US 987; 96 S Ct 396; 46 L Ed 2d 304 (1975); Green v United States, [176 F2d 541 (CA 1, 1949)]. The task of 'balancing the prejudicial potential of the evidence

In holding, in the instant case, that the circumstances of the prior encounter between the victim and the defendant should have been excluded, the Court of Appeals adopted a "more abstemious approach".

This Court will soon have the report of its Committee on Rules of Evidence. The report will be promulgated for consideration by bench and bar with a view to eventual adoption by this Court. The proposed rules are modeled on the Federal Rules of Evidence. The subject matter should be reconsidered in future cases on plenary submission in light of the experience of the Federal courts in the case-by-case development of the concept that probative evidence may be excluded or received with limitations where its worth is counterbalanced by other considerations. The search for truth in our system of justice is advanced by a fair trial.[5]

---

against its probative value * * * is committed primarily to the trial court.' *United States v Eatherton, supra. The court limited the evidence to that reasonably related to showing Barrett's expertise; it refused to admit evidence of specific criminal incidents which would be more prejudicial.* Nor did this evidence receive disproportionate emphasis in the Government's total case. *See United States v Clemons,* 503 F2d 486, 491 (CA 8, 1974); *Mills v United States,* 367 F2d 366 (CA 10, 1966). Under the circumstances we find no error in the court's balancing of the Government's right to introduce probative and competent evidence against defendant's right not to be placed unfairly in a bad light." *United States v Barrett,* 539 F2d 244, 248–249 (CA 1, 1976) (emphasis supplied).

[5] "Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FR Ev 404(b).

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FR Ev 403.