PEOPLE v ERNEST SMITH

PEOPLE v FOSTER

Docket Nos. 30126, 30338. Submitted April 5, 1978, at Lansing.—
Decided November 7, 1978.

Defendants Ernest Smith and Ronald H. Foster were convicted of
unarmed robbery in Calhoun Circuit Court, Stanley Everett, J.
At the close of the people's case at trial defendant Smith
inquired whether the prosecutor intended to introduce evidence
of his prior misdemeanor convictions for unauthorized use of a
motor vehicle and was told that they would be used to show
intent or motive in the event Mr. Smith testified. The trial
court ruled that the prior convictions were admissible under
the statute allowing the admission of like acts to show intent or
motive. As a result, Mr. Smith did not testify and the prior
coinvictions were never introduced. Defendants appeal raising
several issues. *Held:*

1. There must be a showing by the prosecutor of some special
circumstances about prior bad acts of the defendant which
make the fact of the prior acts probative of intent or motive
before they may be admitted for that purpose; remote convic-
tions for unauthorized use of a motor vehicle are not probative
of intent or motive of armed robbery and are not admissible as
such in a prosecution for armed robbery.

2. The error here was not harmless since the evidence was
not so overwhelming as to dissuade the prosecutor from insist-
ing on using the prior convictions in the event Mr. Smith
exercised his right to testify and, as a result, he was forced to
rely on the often self-serving and contradictory statements of
his codefendant to preserve his defense. The Court of Appeals
noted that it is difficult for a jury to believe a defendant's
defense when the defendant fails to testify in his own defense.

3. There was no showing of prejudice which would warrant a

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 320, 321, 333.

[2] 29 Am Jur 2d, Evidence §§ 320, 321, 326.

[3] 29 Am Jur 2d, Evidence § 330.

[4] 5 Am Jur 2d, Appeal and Error §§ 624-627.

[5] 75 Am Jur 2d, Trial §§ 211, 218.

mistrial where a uniformed police officer led the handcuffed defendants past one of the jurors, where the court and counsel examined the officer and the juror and where it was apparent from the examination that the officer's actions were inadvertent and the juror was sufficiently absorbed so that the defendants' passing made little impression. The trial court had no duty to give *sua sponte* a cautionary instruction concerning this incident.

4. Failure to object to the prosecutor's closing remarks and to request a cautionary instruction precludes a reversal of conviction unless in all likelihood the instruction would not have eliminated the prejudice arising from the remarks.

Reversed and remanded as to defendant Smith. Affirmed as to defendant Foster.

1. CRIMINAL LAW—EVIDENCE—STATUTES—OTHER BAD ACTS—ADMISSIBILITY—REQUIREMENTS.

The statute permitting the limited use of evidence of other "bad acts" of a criminal defendant to show intent, motive, plan or the absence of mistake or accident even if the evidence shows the commission by the defendant of another crime is governed by four requirements: (1) substantial evidence must show that the defendant actually committed the bad act; (2) some special circumstance about the act sought to be introduced tends to prove one of the statutory items; (3) the evidence is material, *i.e.,* is probative of a matter "in issue"; and, (4) even if all three of the above are satisfied, the trial court must still weigh the evidence's probative value against its prejudicial effect before deciding whether to admit it (MCL 768.27; MSA 28.1050).

2. CRIMINAL LAW—EVIDENCE—OTHER BAD ACTS—ADMISSIBILITY—REQUIREMENTS—COMMON THREAD OF FACTS AND CIRCUMSTANCES.

The prosecutor must show a common thread of facts and circumstances between the past act and the offense for which the defendant is on trial before evidence of prior bad acts is admissible and a mere showing that the defendant committed the same crime in the past is insufficient.

3. CRIMINAL LAW—ARMED ROBBERY—EVIDENCE—PRIOR CONVICTIONS —MISDEMEANORS—UNAUTHORIZED USE OF A MOTOR VEHICLE.

A remote misdemeanor conviction for use of a motor vehicle without authority but without intent to steal is not admissible to show intent to steal in a prosecution for armed robbery.

4. APPEAL AND ERROR—CRIMINAL LAW—CLOSING ARGUMENT—PROSECUTORIAL COMMENT—PRESERVING QUESTION.

A conviction will not normally be reversed for improper closing

argument by the prosecutor where there has been no objection and request for a cautionary instruction, unless in all likelihood the instruction would not have eliminated the prejudice arising from the prosecutor's remarks.

5. Criminal Law—Closing Argument—Prosecutorial Comment.

A prosecutor, as an advocate, is free, in closing argument, to relate the facts to his theory of the case and to argue the evidence and all reasonable inferences therefrom.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James D. Norlander,* Prosecuting Attorney, and *T. P. Hentchel, Jr.,* Assistant Prosecuting Attorney, for the people.

*Terence R. Flanagan,* Assistant State Appellate Defender, for defendants on appeal.

Before: Allen, P.J., and V. J. Brennan and M. F. Cavanagh, JJ.

Per Curiam. Defendants were arrested and charged with armed robbery, MCL 750.529; MSA 28.797. After a joint trial, they were convicted by a jury of unarmed robbery, MCL 750.530; MSA 28.798. Defendants appeal as of right.

According to the trial testimony, defendants attempted to force the complainant, Mr. Francis Wilk, from his car while he was stopped at a streetlight. Mr. Wilk testified that he believed one defendant was armed. He resisted, and attracted the attention of a police officer in a nearby patrol car by leaning on his horn. Defendants fled, one of them taking a jar of loose change and bills from the floor of the car. The police officer pursued and apprehended defendant Smith soon afterward; defendant Foster subsequently appeared voluntarily and was placed under arrest at the Battle Creek police station.

## I

The first issue on appeal deals exclusively with defendant Smith.

After the prosecutor rested his case, Smith's counsel asked the prosecutor whether he intended to introduce defendant's 1968 misdemeanor convictions for unlawfully driving away a motor vehicle, MCL 750.414; MSA 28.646. The prosecutor responded that he planned to offer these prior convictions to show the defendant's intent or motive in connection with the present charge of armed robbery if the defendant testified. The prosecutor asserted MCL 768.27; MSA 28.1050, as the basis for the admission of this evidence:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

Over objection, the trial court ruled that the evidence of the prior convictions fell within the statute and would be admitted on that basis. Defendant Smith did not testify and the evidence was never offered.

Defendant contends that the trial court's ruling was erroneous on essentially four grounds: (1) the evidence of like acts properly belonged only in the prosecutor's case-in-chief; (2) the 1968 misdemeanor convictions are not "like acts" within the

meaning of MCL 768.27; MSA 1050, and are thus irrelevant to the charged offense of armed robbery; (3) the offered evidence is not material to this charge; and (4) the trial court either failed to recognize its discretion to exclude the evidence *or* abused its discretion in admitting the evidence, on the grounds that its prejudicial impact far outweighed *its* probative value.

*People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978), comprehensively sets out the appropriate guidelines on the admissibility of prior bad act evidence under MCL 768.27; MSA 28.1050. These rules summarize the applicable Michigan precedent on this issue and will serve as the guide for our analysis in the instant case.

MCL 768.27; MSA 28.1050 is a legislatively created exception to the general rule that evidence of prior bad acts is inadmissible because of its inherent prejudice to the defendant. The statute permits proof of a defendant's intent, motive, plan or the absence of mistake or accident by evidence of "like acts", even if this shows the commission by the defendant of another prior or subsequent crime. However, this exception is governed by four requirements: (1) substantial evidence must show that the defendant actually committed the bad act; (2) some special circumstance about the act sought to be introduced tends to prove one of the statutory items; (3) the evidence is material, *i.e.,* is probative of a matter "in issue"; and (4) even if all three of the above are satisfied, the trial court must still weigh the evidence's probative value against its prejudicial effect before deciding whether to admit it. *People v Wilkins, supra;* see also *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973), *People v Henry,* 129 Mich

100; 88 NW 77 (1901), *People v Spillman,* 63 Mich App 256; 234 NW2d 475 (1975), *rev'd on other grounds,* 399 Mich 313; 249 NW2d 73 (1976), *People v Bledsoe,* 46 Mich App 558; 208 NW2d 545 (1973).

Our review of the above-cited precedent indicates that defendant's second contention, namely, that the evidence of the prior convictions was not relevant to the charged offense of armed robbery, in that those prior convictions specifically involved lack of intent to steal and were not similar to the present charge, is alone sufficient for a finding of error.

It is clear that before a prior bad act by the defendant is admissible, there must be a showing of some special circumstances about that act which are probative of one of the statutory items—here, defendant's intent or motive. *People v Wilkins, supra* at 267, *People v Oliphant, supra* at 488. These special circumstances form the logical connection between the past act and the present charge. *United States v Burkhart,* 458 F2d 201, 206 (CA 10, 1972). Establishing this connection by showing factual similarities permits the evidence to meet the threshold requirement of relevancy. *People v Stander,* 73 Mich App 617, 625, n 2; 251 NW2d 258, 262-263, n 2 (1976).

Absent this connection, admission of prior bad acts achieves the very result the general rule on nonadmissibility intends to avoid: the admission of evidence which is relevant only to the defendant's propensity to commit an offense. *People v Der-Martzex, supra, People v Dean,* 253 Mich 434; 235 NW 211 (1931). While proof of identical acts is not required to make this connection, *People v Streetman,* 59 Mich App 49; 228 NW2d 539 (1975), *lv den,* 394 Mich 798 (1975), it is nevertheless insuffi-

cient to show merely that a defendant had committed the same crime in the past. Rather, cases treating the "like acts" requirement speak in terms of a common thread of facts or circumstances between the past act and the offense for which defendant is on trial. See *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977) (use of an informer by defendants to obtain payoffs in exchange for police protection), *People v Oliphant, supra* (orchestration of circumstances surrounding rapes to make proof of nonconsent difficult), *People v Lundberg,* 364 Mich 596; 111 NW2d 809 (1961) (subsequent burglary unrelated to prior homicide inadmissible), *People v Stander, supra* (involvement in prior auto theft with identical coparticipant).

In the instant case, we fail to see the common thread between the defendant's prior convictions for unlawfully driving away a motor vehicle which would be probative of his intent with regard to the charged offense of armed robbery. The connection is particularly difficult to make in light of the fact that the prior convictions for unlawfully driving away an automobile did not involve intent to steal but are being offered to show the defendant's *intent to steal* in the armed robbery charge. Aside from the fact that the offense for which the defendant is on trial incidentally also involved an automobile, there are no facts on the record to indicate any further similarities between the past acts and the current offense. In addition, the extreme remoteness in time of the former misdemeanors also weakens their already tenuous connection and tendency to establish the defendant's intent relative to the charged offense. *People v Henry, supra* at 101.

We note that when challenged on this absence of

similarities, the prosecution argued that the prior convictions were admissible to show intent because "any criminal conviction requires a criminal intent". To admit prior bad acts into evidence on such grounds encourages a jury to convict a defendant merely because "he is a bad man". *People v Wilkins, supra* at 265. Avoiding this type of prejudice is precisely the purpose for the general exclusion of such evidence; the prosecutor cannot avoid this rule merely by invoking the statutory exception without the necessary showing of similarities.

The lack of similarity between the past and present offenses, coupled with the remoteness in time of the misdemeanors, thus prevents us from perceiving that "visible connection", *United States v Burkhart, supra* at 206, n 8, necessary to find that the misdemeanors are "like acts" within the meaning of MCL 768.27; MSA 28.1050, admissible to prove the defendant's intent in the instant case. The trial court therefore erred in ruling in favor of their admissibility.

The prosecutor asserts that any error in this regard was harmless and directs our attention to the "overwhelming" evidence against the defendant. We agree it is substantial. It was not so overwhelming, however, to dissuade the prosecutor from insisting on introducing the prior convictions if the defendant elected to exercise his right to testify. As a result the defendant was forced to rely on the often self-serving and contradictory statements of a codefendant in order to present his defense. As reviewing courts have noted in the past, "it is difficult for a jury to believe defendant's defense when he fails to testify in his own behalf". *People v Killebrew,* 61 Mich App 129, 135; 232 NW2d 329, 332 (1975), *lv den,* 395 Mich 817 (1975),

*People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). See also *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975), *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971), *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967). We conclude that the error was not harmless beyond a reasonable doubt and reverse.

## II

Defendants Foster and Smith jointly raise several additional claims of error.

They argue first that the trial court erred in denying defense counsel's joint motion for a mistrial on the grounds that a uniformed police officer had led the handcuffed defendants past one of the jurors, and thus prejudiced their presumption of innocence.

Before ruling on the defense motion, the court and counsel examined the officer and juror involved. The officer testified that he approached the juror from behind while escorting the defendants and noticed her speaking to a third party with her back somewhat turned away. The juror testified that she recognized the defendants but noticed nothing unusual about them.

There is no showing, on this record, of prejudice to the defendant that would warrant a mistrial. *People v Yarbrough,* 78 Mich App 81, 86; 259 NW2d 248, 250 (1977), *remanded,* 402 Mich 920 (1978). It is apparent that the officer's actions were inadvertent; furthermore, the juror was sufficiently absorbed in her conversation that her view of the defendants evidently made little impression on her. We therefore find no merit in the defendants' claim of error on this ground.

We also disagree that the trial court had a duty

to give a cautionary instruction to the jury on its own motion concerning this incident. It is true that "a juror's chance observation of a defendant in custody could, *if untreated,* provide a source of prejudicial speculation which might infect the ultimate verdict". (Emphasis added.) *United States v Larkin,* 417 F2d 617, 618 (CA 1, 1969). In the instant case, the trial court took adequate steps to "treat" whatever untoward effect this view may have had on the jury by examining the juror involved in the presence of counsel and by cautioning her not to discuss the interview. Defense counsel expressed their satisfaction with the procedure and waived any specific instruction. The court had no further duty to instruct the jury on this matter against the wishes of defense counsel and in light of the risk of unnecessarily directing the entire jury's attention to the incident, thereby possibly increasing its impact. See *O'Shea v United States,* 400 F2d 78 (CA 1, 1968), *cert denied,* 393 US 1069; 89 S Ct 726; 21 L Ed 2d 712 (1969). The cases cited in support of the proposition that the court was required to give a cautionary instruction *sua sponte* as part of its duty to control the conduct of the trial are merely reaffirmations of the court's duty to curtail any egregious, prejudicial behavior by the participants in the trial, and are thus inapplicable here. For example, see *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969). We therefore find no merit in defendants' contention.

Defendants next argue that they were deprived of a fair trial on the grounds that the prosecutor, in closing argument, improperly vouched for the credibility of the police officers who testified at trial, thereby causing the jury to suspend its own judgment. Defense counsel did not object to the statements at the time they were made.

Normally, a conviction will not be reversed where there has been no objection and request for a cautionary instruction, unless in all likelihood the instruction would not have eliminated the prejudice arising from the prosecutor's remarks. *People v Tarpley,* 41 Mich App 227, 232; 199 NW2d 839, 844 (1972), *People v Humphreys,* 24 Mich App 411, 414; 180 NW2d 328, 332 (1970).

As an advocate, the prosecutor is free to relate the facts to his theory of the case and to argue the evidence and all reasonable inferences from it to the jury. *People v Humphreys, supra.* While the prosecutor comments strongly on the reasonableness of the officers' testimony compared with the defendants', his remarks stop short of an impermissible personal affirmation in the defendants' guilt or assurances to the jury that the officers' version describes what "actually happened". *Compare People v Bigge,* 297 Mich 58; 297 NW 70 (1941), *People v Pacely,* 51 Mich App 67; 214 NW2d 561 (1974), *lv den,* 392 Mich 786 (1974), with *People v McCoy,* 392 Mich 231, 239; 220 NW2d 456, 460 (1974), *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971), *People v Tarpley, supra,* and *People v Humphreys, supra.* Rather, they tended to emphasize inferences necessary to the prosecution's case to prove lack of police misconduct. *People v Bigge, supra* at 68, *People v Pacely, supra* at 71.

Even if the remarks were arguably improper, we cannot say that whatever prejudice they created could not have been cured by objection and a proper instruction.

We also find that defendant was not denied a fair trial due to the prosecution's misstatement of the intoxication defense for the reason that the court corrected the prosecutor upon defense objec-

tion, gave an adequate instruction to the jury concerning the defense and, after consultation with counsel, gave a further clarifying instruction on intoxication upon the jury's specific request.

Reversed and remanded as to defendant Smith.

Affirmed as to defendant Foster.